OPINION
Plaintiff, Thomas J. Barnes, appeals from an order taxing costs after this court had reversed a summary judgment and remanded for trial. In an order to show cause, we raise the issue of whether an order taxing costs is appealable. The parties have briefed the issue. We conclude such an order is not appealable and dismiss the appeal.
On December 18, 1991, summary judgment was entered at the request of defendant, Litton Systems, Inc. An appeal was taken and on April 20, 1993, this court reversed the summary judgment in an unpublished opinion. (Barnes v. Litton Systems, Inc.
(Apr. 20, 1993) B064749.) Upon remand, plaintiff filed a cost memorandum. A motion to tax costs was granted in part. On October 20, 1993, plaintiff filed the following notice of appeal: "NOTICE IS HEREBY GIVEN THAT DEFENDANT THOMAS BARNES, APPEALS TO THE COURT OF APPEALS FOR THE SECOND DISTRICT, the Minute Order and Judgment entered on October 12, 1993 in favor of plaintiff and defendant in this case. [¶] This is a partial appeal, appealing only the taxing of plaintiff's preparation of Record on Appeal to this Court." On June 17, 1994, this court issued an order to show cause requesting briefing concerning possible dismissal of the appeal. The parties have filed responses.
(1) We agree with defendant that an order taxing costs is not separately appealable. The order under review is not described specifically in Code of Civil Procedure section 904.1[1]
Subject to constitutional limitations, there is no federal or state constitutional right to appeal. (Lindsey v. Normet
(1972) 405 U.S. 56, 77 [31 L.Ed.2d 36, 52-53, 92 S.Ct. 862];Trede v. Superior *Page 683 Court (1943) 21 Cal.2d 630, 634 [134 P.2d 745].) Further, the California Supreme Court has repeatedly held that the right to appeal is wholly statutory. (People v. Chi Ko Wong (1976)18 Cal.3d 698, 709 [135 Cal.Rptr. 392, 557 P.2d 976], disapproved on another point in People v. Green (1980) 27 Cal.3d 1, 34-35
[164 Cal.Rptr. 1, 609 P.2d 468] ["a judgment or order is not appealable unless expressly made so by statute"]; Skaff v.Small Claims Court (1968) 68 Cal.2d 76, 78 [65 Cal.Rptr. 65,435 P.2d 825] [". . . a party possesses no right of appeal except as provided by statute"]; People v. Keener (1961) 55 Cal.2d 714,720 [12 Cal.Rptr. 859, 361 P.2d 587], disapproved on another point in People v. Butler (1966) 64 Cal.2d 842, 844
[52 Cal.Rptr. 4, 415 P.2d 819] [". . . an order is not appealable unless declared to be so by the Constitution or by statute"];People v. Valenti (1957) 49 Cal.2d 199, 204 [316 P.2d 633], disapproved on another point in People v. Sidener (1962)58 Cal.2d 645, 647 [25 Cal.Rptr. 697, 375 P.2d 641] [". . . the right of appeal is statutory and a judgment . . . is not appealable unless it is expressly made so by statute"]; ModernBarber Col. v. Cal. Emp. Stab. Com. (1948) 31 Cal.2d 720, 728
[192 P.2d 916] [". . . the Legislature has the power to declare by statute what orders are appealable, and, unless a statute does so declare, the order is not appealable"]; Trede v. SuperiorCourt, supra, 21 Cal.2d at p. 634 [there being no constitutional right of appeal; ". . . the appellate procedure is entirely statutory and subject to complete legislative control"];Superior Wheeler C. Corp. v. Superior Court (1928) 203 Cal. 384,386 [264 P. 488] ["right of appeal is statutory and may be granted or withheld"].) Accordingly, if the order under review is appealable at all, it must be pursuant to section 904.1, subdivision (a)(2) which states in pertinent part: "An appeal may be taken from a superior court in the following cases: [¶] . . . [¶] (2) From an order made after a judgment made appealable by paragraph (1)."
Plaintiff's argument that an order taxing costs after a reversal of a judgment on appeal is properly before this court pursuant to section 904.1, subdivision (a) as an appeal from an order made after an appealable judgment is without merit for two reasons. First, as noted previously, this court's nonpublished opinion of April 20, 1993, reversed the summary judgment in its entirety. The California Supreme Court has consistently held that a reversal of a judgment places the case in a posture as though one had never been entered at all. (People v. Mattson (1990)50 Cal.3d 826, 849 [268 Cal.Rptr. 802, 789 P.2d 983] [an unqualified reversal "`places the parties in the trial court in the same position as if the cause had never been tried.'"];Weisenburg v. Cragholm (1971) 5 Cal.3d 892, 896 [97 Cal.Rptr. 862,489 P.2d 1126] [when a judgment was unqualifiedly reversed ". . . the effect was the same as if it had never been entered"];People v. Murphy (1963) 59 Cal.2d 818, 833 [31 Cal.Rptr. 306,382 P.2d 346] [". . . an unqualified *Page 684 
reversal remands the cause for new trial and places the parties in the trial court in the same position as if the cause had never been tried. [Citation]"]; Hall v. Superior Court (1955)45 Cal.2d 377, 381 [289 P.2d 431] [a general or partial reversal "`places the parties in the trial court in the same position as if the cause had never been tried'"]; Erlin v. National UnionFire Ins. Co. (1936) 7 Cal.2d 547, 549 [61 P.2d 756] ["[s]uch a reversal remands the case for a new trial and places the parties in the same position as if the case had never been tried. [Citations.]"].) Since the effect of a general reversal is to create a situation where no judgment is deemed entered, the present appeal may not be justified pursuant to section 904.1, subdivision (a)(2). The procedural posture of the case is one in which no judgment has been entered.[2]
Second, even if the present appeal can be deemed to be one from an order after judgment, it would not be appealable because it is not sufficiently final. Our Supreme Court has described the scope of appealable postjudgment orders as follows: "The rule that an appealable postjudgment order must affect the judgment or relate to its enforcement has existed for more than a century. . . . [¶] In the ensuing years we determined the appealability of a variety of postjudgment orders. It is instructive to review those we have held that do not affect the judgment or relate to its enforcement, and hence were not appealable. All are orders that, although following an earlier judgment, are more accurately understood as being preliminary to a later judgment, at which time they will become ripe for appeal. [¶] For example, we held not appealable a posttrial order excusing a plaintiff's failure to present a bill of exceptions for a settlement before making a motion for a new trial; it would become appealable as part of an appeal from the later motion for a new trial. [Citation.] Similarly, an order denying a motion to amend an order vacating a judgment `could be reviewed by appeal only on an appeal from the subsequent final judgment.' [Citation.] An order approving employment of additional counsel for a receiver with respect to an appeal `is not a matter affecting the enforcement of the [preceding] judgment.' [Citation.]" (Lakin v. WatkinsAssociated Industries (1993) 6 Cal.4th 644, 652 [25 Cal.Rptr.2d 109,863 P.2d 179].) In Lakin, the issue involved the postjudgment denial of a motion for attorney fees. The court emphasized that the order was "not preliminary to future proceedings and will not become subject to appeal after a future judgment." (Id. at p. 654.) In concluding that the order was appealable, our Supreme Court held: "Accordingly, we hold that the order here in issue, denying an award of attorney's fees requested pursuant to *Page 685 
Code of Civil Procedure section 2033, subdivision (o), is a postjudgment order that affects the judgment or relates to its enforcement because it determines the rights and liabilities of the parties arising from the judgment, is not preliminary tolater proceedings, and will not become subject to appeal aftersome future judgment." (Id. at p. 656, italics added.) As can be noted from Lakin, an essential element of an appealable postjudgment order is one which is not preliminary to later proceedings and will not become subject to an appeal after some future judgment.
We conclude that the order taxing costs is not sufficiently final to be appealable pursuant to section 904.1, subdivision (a)(2). As noted by defendant, the case is presently awaiting trial. The order taxing costs is therefore one which is "preliminary to a later proceedings" within the meaning ofLakin v. Watkins Associated Industries, supra,6 Cal.4th at pages 654, 656. After a judgment is entered, he may appeal at that time from the interlocutory determination of October 12, 1993, taxing costs.[3] (§ 906.) Accordingly, given the Lakin
opinion, the order of October 12, 1993, is not a proper postjudgment order which may be reviewed on appeal.[4]
The appeal is dismissed. All parties are to bear their own costs incurred in connection with the present appeal.
Armstrong, J., concurred.
[1] All future statutory references are to the Code of Civil Procedure.
[2] The present case is distinguishable from Citizens AgainstRent Control v. City of Berkeley (1986) 181 Cal.App.3d 213,223 [226 Cal.Rptr. 265], where the court held a postjudgment order taxing costs was appealable because it was entered after a judgment. However, in Citizens Against Rent Control, the judgment on appeal had been affirmed. Therefore, the judgment was in full force and effect at the time the order was entered taxing costs on appeal.
[3] Plaintiff could have challenged the interlocutory cost determination by means of a writ of mandate.
[4] Plaintiff has not contended that the October 12, 1993, ruling is subject to the collateral order doctrine. (Sjoberg v.Hastorf (1948) 33 Cal.2d 116, 119 [199 P.2d 668].) We do not address this contention because it has not been raised and, has, accordingly, been waived. (Tiernan v. Trustees of Cal. StateUniversity Colleges (1982) 33 Cal.3d 211, 216, fn. 4 [655 P.2d 317]; Johnston v. Board of Supervisors (1947) 31 Cal.2d 66,70 [187 P.2d 686], disapproved on another point in Bailey v.County of Los Angeles (1956) 46 Cal.2d 132, 138-139
[293 P.2d 449].) Even if the collateral order doctrine issue had been preserved, we would be compelled to conclude the order taxing
costs would be nonappealable. The collateral order doctrine only applies to orders to pay money. (Samuel v. StevedoringServices (1994) 24 Cal.App.4th 414, 418 [29 Cal.Rptr.2d 420].) The amount remaining due by defendant after the order partially taxing the sums sought in the postappeal cost memorandum is immediately collectible by plaintiff. (Cal. Rules of Court, rule 26(d).) Plaintiff's contention is he is entitled to more money; that is not an order to pay money which could be appealable pursuant to the collateral order doctrine. *Page 686