Filed 12/23/13  Certified for publication 1/8/14 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| APEX LLC, | |
| Plaintiff and Respondent, | G047737 |
| v. | (Super. Ct. No. 30-2009-00317686) |
| KORUSFOOD.COM, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from an order of the Superior Court of Orange County, Sheila Fell, Judge.  Affirmed.  Motion to dismiss appeal.  Denied.

Rundle Law Corporation and Peter K. Rundle for Defendant and Appellant.

Law Offices of Timothy D. McGonigle and Timothy D. McGonigle for Plaintiff and Respondent.

## INTRODUCTION

Korusfood.com, formerly known as Felix and Sons, Inc. (Korusfood), appeals from an order granting the motion of Apex LLC (Apex) for attorney fees incurred in a prior appeal. In that appeal, *Apex LLC v. Sharing World, Inc.* (2012) 206 Cal.App.4th 999, 1024-1025 (*Apex I*), we reversed a judgment in favor of defendants Sharing World, Inc., doing business as Felix & Sons, Inc., and Korusfood and remanded for further proceedings. We also reversed an order granting a motion for attorney fees that was brought by all defendants, including Korusfood. (*Id.* at p. 1024.) Costs were awarded to Apex. (*Id.* at p. 1025.)

After remand to the trial court, Apex brought a motion to recover its attorney fees incurred in *Apex I*. The trial court granted the motion and awarded attorney fees against both Sharing World, Inc., and Korusfood.

Korusfood argues the trial court erred because Korusfood was not a party to the credit applications that included the attorney fees provision on which the award of attorney fees was based. Apex has brought a motion to dismiss the appeal on the ground the order granting its motion for attorney fees is not directly appealable.

We conclude (1) the order granting Apex's motion for attorney fees is directly appealable under the collateral order doctrine and (2) the trial court did not err by awarding attorney fees against Korusfood because substantial evidence supported a finding that Korusfood stepped into the shoes of Sharing World, Inc., and Felix and Sons, Inc., the parties to the credit applications. We therefore deny the motion to dismiss the appeal and affirm.

## BACKGROUND

Apex sued "Sharing World, Inc., dba Felix and Sons," and "Felix & Sons, Inc.," alleging they failed to accept and pay for 14,625 tons of cottonseed which were to be delivered between October 2008 and August 2009. Apex's verified first amended

2

complaint asserted causes of action for breach of written contract, breach of oral contract, account stated, open book account, and breach of third party beneficiary contract. As damages, Apex sought the difference between the contract prices and the prices at which Apex resold the cottonseed in August 2009.

The verified first amended complaint was answered by "Sharing World, Inc., . . . dba Felix and Sons, Inc.," and "KorusFood.com, . . . fka Felix and Sons, Inc." The verified answer alleged: "Answering Defendants admit that KorusFood.com is a California corporation with its principal place of business in Irvine, California, and further admit that KorusFood.com was formerly known as Felix and Sons, Inc."

Following a bench trial, the trial court found in favor of Sharing World, Inc., and Korusfood and against Apex. (*Apex I*, *supra*, 206 Cal.App.4th at pp. 1004, 1008.) After entry of judgment, Sharing World, Inc., and Korusfood brought a motion to recover attorney fees. The trial court granted the motion and found "defendants are entitled to fees as a matter of law." The court awarded Sharing World, Inc., and Korusfood attorney fees in the amount of $107,560. (*Apex I*, *supra*, at p. 1008.)

In *Apex I*, we reversed the judgment and the order granting attorney fees, and remanded. The disposition stated: "The judgment and the order granting attorney fees are reversed and the matter is remanded for a new trial and proceedings limited to these issues only: (1) whether Apex acted in a commercially reasonable manner and/or in compliance with NCPA [(National Cottonseed Products Association, Inc.)] Trading Rules when it washed the balance of *each* of the 12 cottonseed contracts; (2) the amount of damages, if any, suffered by Apex; and (3) posttrial matters including costs and attorney fees. Apex shall recover costs incurred on appeal." (*Apex I*, *supra*, 206 Cal.App.4th at pp. 1024-1025.)

Following remand, Apex brought a motion to recover attorney fees incurred on appeal. The motion sought attorney fees "pursuant to the parties' various agreements, including two credit applications, which specifically provide for the recovery of

3

reasonable attorney fees to the prevailing party" and because Sharing World, Inc., and Korusfood prayed for attorney fees in their answer. In opposition, Sharing World, Inc., and Korusfood argued the motion must be denied "to the extent it is directed against Korusfood.com" because Korusfood was separate from Sharing World, Inc., and never conducted business with Apex.

By minute order entered November 19, 2012, the trial court granted Apex's motion for attorney fees as to both Sharing World, Inc., and Korusfood, and awarded Apex $47,852.77 in fees. The court stated in its minute order: "Both named Defendants filed a joint verified Answer. The Statement of Decision identified that Peter Rundle, Esq. represented Sharing World, Inc. dba Felix and Sons, Inc. The Court used the terms 'Defendant' and 'Defendants' interchangeably in its Statement of Decision. The Court ordered judgment for 'Defendants[.'] Korusfood.com fka Felix & Sons, Inc. never objected to the Statement of Decision or sought clarification. The motion for attorney fees was brought by Korusfood.com fka Felix & Sons, Inc., and Sharing World, Inc. dba Felix and Sons, Inc. Attorney fees were awarded to both Defendants without distinction. Neither Defendant sought clarification of this order. [¶] The Court of Appeal referred to Sharing World, Inc. dba Felix & Sons, Inc[.] collectively as Sharing World. The Appellate Court blended both Defendants' names into one. Thus, from the Defendants' filings, their appearances, their requests, the trial court's prior orders and rulings, and from the Court of Appeal's identification of both in its opinion, it appears that the Trial Court intended to grant attorney fees to both Defendants and the Appellate Court intended for costs to be awarded to Plaintiff against both Respondent Defendants."

Korusfood timely appealed from the November 19, 2012 order. Sharing World, Inc., did not appeal.

**MOTION TO DISMISS APPEAL**

In the motion to dismiss the appeal, Apex argues the order granting its motion for attorney fees is not appealable because it is not among the appealable

4

judgments and orders identified in Code of Civil Procedure section 904.1, subdivision (a). Korusfood argues the order is appealable as a postjudgment order awarding attorney fees.

The right to appeal is conferred by statute. (*Dana Point Safe Harbor Collective v. Superior Court* (2010) 51 Cal.4th 1, 5.) Code of Civil Procedure section 904.1, subdivision (a) lists appealable judgments and orders. These include "an order made after a judgment made appealable by paragraph (1)." (Code Civ. Proc., § 904.1, subd. (a)(2) (section 904.1(a)(2)).) Under section 904.1(a)(2), postjudgment orders granting or denying motions for attorney fees are deemed to be appealable. (*Lakin v. Watkins Associated Industries* (1993) 6 Cal.4th 644, 648; see Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 2013) ¶ 2:156, p. 2-72.15 (rev. # 1, 2013).)

The twist here is the order granting Apex's motion for attorney fees was made after a judgment that we reversed in *Apex I*. The effect of a general reversal is to create a situation where no judgment is deemed to have been entered. (*Weisenburg v. Cragholm* (1971) 5 Cal.3d 892, 896.) Our judgment in *Apex I* is not a judgment made appealable under Code of Civil Procedure section 904.1, subdivision (a)(1). Thus, the order granting Apex its appellate attorney fees would not appear to be directly appealable under section 904.1(a)(2) as "an order made after a judgment made appealable by paragraph (1)." We have found no published decision addressing whether a trial court order granting attorney fees on appeal, made on remand after reversal of the underlying judgment, is directly appealable.[1]

---

[1] There is a split of authority on the similar issue of the appealability of a trial court order granting a motion to tax costs incurred on appeal when the order was made after reversal of the underlying judgment and remand for a trial. In *Barnes v. Litton Systems, Inc.* (1994) 28 Cal.App.4th 681 (*Barnes*), the Court of Appeal, Second District, Division Five, held an order taxing costs incurred on appeal, made after reversal of the underlying summary judgment, was not appealable. The court concluded that such an

5

The order granting Apex its appellate attorney fees is directly appealable, however, under the collateral order doctrine. The California Supreme Court has stated: "When a court renders an interlocutory order collateral to the main issue, dispositive of the rights of the parties in relation to the collateral matter, and directing payment of money or performance of an act, direct appeal may be taken. [Citations.] This constitutes a necessary exception to the one final judgment rule. Such a determination is substantially the same as a final judgment in an independent proceeding. [Citations.]" (*In re Marriage of Skelley* (1976) 18 Cal.3d 365, 368; see *Sjoberg v. Hastorf* (1948) 33 Cal.2d 116, 119 [an otherwise interlocutory order is directly appealable "if the order is a final judgment against a party in a collateral proceeding growing out of the action"]; *Fish v. Fish* (1932) 216 Cal. 14, 16 [provision of the order in setting compensation for receiver's attorney was "in effect a final judgment against a party in a collateral proceeding growing out of the action"].)

To qualify as appealable under the collateral order doctrine, the interlocutory order must (1) be a final determination (2) of a collateral matter (3) and direct the payment of money or performance of an act. (*Koshak v. Malek* (2011) 200 Cal.App.4th 1540, 1545; see Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs, *supra*, ¶ 2:77, pp. 2-45 to 2-46 (rev. # 1, 2012).)

order is not appealable under section 904.1(a)(2) because the effect of a general reversal is the same as though no judgment had been entered. (*Barnes*, *supra*, at p. 684.)

In *Krikorian Premiere Theatres, LLC v. Westminster Central, LLC* (2011) 193 Cal.App.4th 1075, 1077, the Court of Appeal, Fourth District, Division Two, disagreed with *Barnes* and concluded an order denying a motion to tax costs on appeal, in whole or in part, is immediately appealable, as an order after judgment under section 904.1(a)(2). The *Krikorian* court reasoned the relevant final judgment is the judgment of the Court of Appeal and any subsequent proceedings in the trial court to fix the amount of the fees were essentially postjudgment proceedings in the appeal. (*Krikorian Premiere Theatres, LLC*, *supra*, at p. 1082.)

We do not decide which case to follow or whether the order granting Apex's motion for attorney fees was directly appealable under section 904.1(a)(2) because, we conclude, that order was directly appealable under the collateral order doctrine.

The order granting Apex its appellate attorney fees qualifies as an appealable collateral order. The order is final because "further judicial action is not required on the matters dealt with by the order." (*Koshak v. Malek*, *supra*, 200 Cal.App.4th at p. 1545.) The issue of attorney fees incurred in *Apex I* is truly collateral in that it is "distinct and severable" from the subject matter of the underlying litigation. (*Koshak v. Malek*, *supra*, at p. 1545.) Finally, by awarding attorney fees in favor of Apex and against Korusfood, the order directs the payment of money. (See *Fish v. Fish*, *supra*, 216 Cal. at p. 16.) An award of costs on appeal is enforceable as a money judgment (Cal. Rules of Court, rule 8.278(c)(3)), as is an order awarding attorney fees (*Alioto Fish Co. v. Alioto* (1994) 27 Cal.App.4th 1669, 1686-1687).

We deny the motion to dismiss the appeal and turn to the merits of the appeal.

## DISCUSSION

## I.

### Standard of Review

The issue of a party's entitlement to attorney fees is a legal issue subject to de novo review. (*Connerly v. State Personnel Bd.* (2006) 37 Cal.4th 1169, 1175; *Garcia v. Santana* (2009) 174 Cal.App.4th 464, 468.) The determination of the amount of fees awarded is reviewed for abuse of discretion. (*Garcia v. Santana*, *supra*, at p. 469.) The normal rules of appellate review apply to an order granting or denying attorney fees; i.e., the order is presumed correct, all intendments and presumptions are indulged to support the order, conflicts in the evidence are resolved in favor of the prevailing party, and the trial court's resolution of factual disputes is conclusive. (*Christian Research Institute v. Alnor* (2008) 165 Cal.App.4th 1315, 1322.)

The reviewing court will infer all findings necessary to support the order, and all findings, express or implied, are reviewed under the substantial evidence standard.

7

(*Frei v. Davey* (2004) 124 Cal.App.4th 1506, 1512; *Finney v. Gomez* (2003) 111 Cal.App.4th 527, 545.)

## II.

### The Trial Court Did Not Err by Awarding Attorney Fees Against Korusfood.

Korusfood challenges the order granting Apex's motion for appellate attorney fees on a single ground: Korusfood argues it cannot be liable for Apex's attorney fees because it had no business dealings with Apex and was not a party to the credit applications with the attorney fees provisions. Apex argues Korusfood "stepped into the shoes of Felix and Sons, Inc.," the party to the credit applications, and should be estopped from denying liability for attorney fees. We agree with Apex.

The basis for the award of attorney fees are attorney fees provisions in two credit applications that Sharing World, Inc., submitted to Apex.[2] One credit application was submitted by "Felix and Sons, Inc.," doing business as "Sharing World," and the other was submitted by "Sharing World, Inc. (dba. Felix and Sons)." Korusfood is not a signatory to either credit application.

A nonsignatory will be bound by an attorney fees provision in a contract when the nonsignatory party "'stands in the shoes of a party to the contract.'" (*Cargill, Inc. v. Souza* (2011) 201 Cal.App.4th 962, 966, quoting *Blickman Turkus, LP v. MF Downtown Sunnyvale, LLC* (2008) 162 Cal.App.4th 858, 897.) In that situation, the nonsignatory party is liable for attorney fees if it would have been entitled to fees if it

---

[2] "In addition to the sales contracts, Apex had Sharing World submit credit applications every so often beginning in September 2002, when it submitted a credit application under the name Felix & Sons, Inc. Apex accepted the application and set a $10,000 credit limit, which was increased over the years. In 2008, Sharing World submitted an application asking for a $500,000 credit limit. Apex accepted the application but set the credit limit at $100,000." (*Apex I*, *supra*, 206 Cal.App.4th at p. 1006.)

8

prevailed.  (*Blickman Turkus, LP*, *supra*, at p. 897; *Sessions Payroll Management, Inc. v. Noble Construction Co.* (2000) 84 Cal.App.4th 671, 679.)

Although Korusfood was not a signatory to the credit applications, substantial evidence supported a finding that Korusfood stood in the shoes of Felix and Sons, Inc., and Sharing World, Inc.  The verified first amended complaint was answered by Sharing World, Inc., doing business as Felix and Sons, Inc., and Korusfood, formerly known as Felix and Sons, Inc.  The verified answer to the first amended complaint alleged:  "Answering Defendants admit that KorusFood.com is a California corporation with its principal place of business in Irvine, California, and further admit that KorusFood.com was formerly known as Felix and Sons, Inc."  Kyung Seo verified the answer in his capacity as an officer of "Sharing World, Inc., dba Felix and Sons, Inc." and of "KorusFood.com, fka Felix and Sons, Inc."

In September 2007, Felix and Sons, Inc., filed a certificate of amendment of its articles of incorporation.  The certificate of amendment states the articles of incorporation of Felix and Sons, Inc., is amended to state the name of the corporation as "**KORUSFOOD.COM**."

After the trial court issued its statement of decision, all defendants, including Korusfood, moved for an award of attorney fees.  The memorandum of costs was filed by Sharing World, Inc., and Korusfood.  The trial court granted the motion for attorney fees and awarded attorney fees to all defendants, including Korusfood which never sought to separate itself from Sharing World, Inc.

Korusfood therefore was the same entity as Felix and Sons, Inc., which was a party to one credit application and the name under which Sharing World, Inc.—a party to the other credit application—did business.  Korusfood would have been entitled to recover attorney fees under the credit applications if it had prevailed on appeal, and did recover attorney fees after prevailing at trial.  The trial court, therefore, did not err by awarding attorney fees against Korusfood.

## DISPOSITION

The order granting Apex's motion for attorney fees on appeal is affirmed. Apex shall recover costs incurred on appeal.


_____
FYBEL, J.

WE CONCUR:


_____
O'LEARY, P. J.


_____
BEDSWORTH, J.

10

Filed 1/8/14

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| APEX LLC,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>KORUSFOOD.COM,<br><br>    Defendant and Appellant. | G047737<br><br>(Super. Ct. No. 30-2009-00317686)<br><br>ORDER CERTIFYING OPINION<br>FOR PUBLICATION |

On the court's own motion, the above entitled unpublished opinion, filed December 23, 2013, should be certified for publication. The opinion meets the standards for publication set forth in California Rules of Court, rule 8.1105(c)(2). Therefore, the opinion is certified for publication in the Official Reports.


FYBEL, J.

WE CONCUR:


O'LEARY, P. J.


BEDSWORTH, J.