Filed 4/10/15  ABC Money Transactions v. Barilla CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| ABC MONEY TRANSACTIONS, INC., | |
| Plaintiff and Respondent, | G048363 |
| v. | (Super. Ct. No. 30-2011-00511115) |
| FRANK F. BARILLA, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Charles Margines, Judge.  Affirmed.

Frank Barilla, in pro. per., for Defendant and Appellant.

Joey P. Moore for Plaintiff and Respondent.

\*          \*          \*

INTRODUCTION

ABC Money Transactions, Inc. (ABC), obtained a money judgment against Truc Ly Ha, and located money to which Ha was entitled in a single client trust account maintained by Ha's attorney, Frank F. Barilla. ABC obtained an order authorizing a levy on that account, but Barilla appealed from the order, preventing ABC from proceeding with the levy. This court affirmed the order authorizing the levy.

While the appeal from the order authorizing the levy was pending, ABC filed a creditor's suit against Barilla, and judgment was awarded in ABC's favor. ABC then filed a motion for an award of attorney fees against Barilla in the creditor's suit, which the trial court granted. Barilla appeals from that order.

We affirm. ABC's creditor's suit was not an independent claim against Barilla, but rather was an alternative means of levying on Barilla's single client trust account, after Barilla prevented a direct levy by appealing from the postjudgment order. Under these special circumstances, we conclude attorney fees were recoverable under Code of Civil Procedure section 701.020, subdivision (c). (All further statutory references are to the Code of Civil Procedure.)

STATEMENT OF FACTS AND PROCEDURAL HISTORY

ABC obtained a money judgment against Ha, and sought to satisfy that judgment, in part, with Ha's proceeds from another lawsuit. Those proceeds were held by Ha's attorney, Barilla, in a single client trust account. ABC's motion seeking an order authorizing a levy of that account was granted. Barilla appealed from the postjudgment order authorizing the levy; this court affirmed the postjudgment order. (*ABC MoneyTransactions, Inc. v. Ha* (Aug. 13, 2012, G045493) [nonpub. opn.].)

2

In September 2011, before this court filed its opinion affirming the postjudgment order, ABC filed a creditor's suit against Barilla for payment of the same single client trust account money to ABC, and for injunctive relief. Following a bench trial, the court entered judgment in favor of ABC, and against Barilla. The court ordered Barilla to pay to ABC and its counsel the money Barilla was holding in that account, which ABC was then to apply against the money judgment it held against Ha. The court further restrained Barilla from transferring or disposing of the money in the single client trust account other than as specified in the judgment.

ABC filed a motion for attorney fees, pursuant to section 701.020, subdivision (c), in the creditor's suit. The trial court granted the motion; Barilla timely appealed.

## DISCUSSION

"The issue of a party's entitlement to attorney fees is a legal issue subject to de novo review. [Citations.] The determination of the amount of fees awarded is reviewed for abuse of discretion. [Citation.] The normal rules of appellate review apply to an order granting or denying attorney fees; i.e., the order is presumed correct, all intendments and presumptions are indulged to support the order, conflicts in the evidence are resolved in favor of the prevailing party, and the trial court's resolution of factual disputes is conclusive. [Citation.] [¶] The reviewing court will infer all findings necessary to support the order, and all findings, express or implied, are reviewed under the substantial evidence standard. [Citations.]" (*Apex LLC v. Korusfood.com* (2013) 222 Cal.App.4th 1010, 1016-1017.)

A judgment creditor has three possible remedies when a third party on whom a writ of execution is levied fails to deliver the property. "The judgment creditor may seek to enforce compliance with the levy under Section 701.020 or to impose liability on the third person pursuant to Article 2 (commencing with Section 708.110)

3

(examination proceedings) or Article 3 (commencing with Section 708.210) (creditor's suit) of Chapter 6." (Cal. Law Revision Com. com, 16B West's Ann. Code Civ. Proc. (2009 ed.) foll. § 701.020, p. 434.) Section 701.020 makes the third party directly liable to the judgment creditor, and provides that the judgment creditor may recover attorney fees from the third party for failing, without good cause, to deliver the property. That statute reads, in relevant part: "(a) If a third person is required by this article to deliver property to the levying officer or to make payments to the levying officer and the third person fails or refuses without good cause to do so, the third person is liable to the judgment creditor . . . [¶] . . . [¶] (c) If the third person's liability is established, the court that determines the liability may, in its discretion, require the third person to pay the costs and reasonable attorney's fees incurred by the judgment creditor in establishing the liability." (§ 701.020, subds. (a) & (c).)

After obtaining the order authorizing the levy in *ABC MoneyTransactions, Inc. v. Ha* (Super. Ct. Orange County, No. 06CC12658), ABC had the right, if Barilla failed to deliver the money, to file a motion in that case under section 701.020 to impose liability on Barilla for failure to honor the notice of levy. (See *National Financial Lending, LLC v. Superior Court* (2013) 222 Cal.App.4th 262, 275.) Had liability been imposed, ABC could then unquestionably have requested the trial court to award ABC its attorney fees. (§ 701.020, subd. (c).)

Of course, Barilla's filing of a notice of appeal from the order authorizing the levy prevented ABC from doing so. ABC was therefore faced with the difficult decision of (1) waiting until the appeal had resolved and then proceeding to levy on Barilla's single client trust account, by which time Barilla might well have dissipated the money in that account, or (2) pursuing a creditor's suit to preserve the single client trust account funds for enforcement purposes. ABC opted for the latter.

In *Ilshin Investment Co., Ltd. v. Buena Vista Home Entertainment, Inc.* (2011) 195 Cal.App.4th 612, 629 (*Ilshin*), the court held that section 701.020's attorney fees provision does not apply to independent creditors' suits: "Section 701.020 provides for a third person's liability to a judgment creditor if the third person 'is required *by this article*' to deliver property to the levying officer, and refuses to do so without good cause. [Citation.] Its reference in section 701.020, subdivision (c) to 'the third person's liability' therefore does not encompass *any* possible liability for which the third party may later be found to be responsible, such as liability for breach of contract in an action brought under section 708.210. It is a reference to the liability specified in section 701.020, subdivision (a): the third person's liability for its failure to deliver property to the levying officer as 'required by this article'—article 5 of chapter 3, dealing with duties and liabilities after levy, not article 3 of chapter 6, dealing with independent creditor's suits."

The *Ilshin* court very pointedly referred to the lawsuit in which the attorney fees were not recoverable as an "*independent* creditor's suit" (*Ilshin*, *supra*, 195 Cal.App.4th at pp. 616, 625, 627, 628, 629, 630, italics added), an "*independent* creditor's claim" (*id.* at p. 626, some italics omitted), or an "*independent* creditor's action" (*id.* at pp. 626, 629, italics added). In contrast, the creditor's suit in the present case is not an independent suit. Rather, in substance, it is a continuation, albeit in a separate action, of the earlier action in which a postjudgment order granting a levy was obtained, but the levy was prevented from being served due to Barilla's conduct.

Had ABC levied on Barilla's single client trust account, it is clear to this court that Barilla would have failed to pay the money in the account to ABC; ABC would then have been entitled to an award of attorney fees incurred in determining Barilla's liability, under section 701.020, subdivision (a). Every action undertaken by Barilla throughout this and the underlying case establishes Barilla's absolute intention to delay the payment of those funds to ABC, come what may. ABC was prevented from pursuing

5

this statutory procedure by Barilla's filing of an appeal from the order authorizing the levy. Barilla's near-frivolous pursuit of that appeal should not be permitted to frustrate ABC's statutory right to attorney fees.

Barilla argues that service of a writ of execution is a prerequisite to any relief under section 701.020. Based on the record before us, it is undisputed that Barilla's filing of the appeal from the order authorizing the levy precluded ABC from having the levy executed on Barilla's single client trust account. Barilla's own near-frivolous actions, which prevented ABC from pursuing its statutory remedies, cannot justify a refusal to award attorney fees.

Barilla also argues the trial court abused its discretion in granting the motion for attorney fees because Barilla had at all times exercised good cause to keep his client's money in the single client trust account. Barilla's argument is belied by the record, which establishes a pattern of obstinate behavior designed to prevent ABC from collecting its money judgment, all without good cause. After ABC obtained a money judgment against Ha, it attempted to conduct a third party examination of Barilla; Barilla sought a temporary restraining order, which was denied, and filed a petition for a writ of mandate, which was also denied. After ABC obtained the order authorizing the levy on Barilla's single client trust account, Barilla appealed from that order, precluding ABC from proceeding directly against that account. After this court rejected Barilla's appeal, he continued to oppose ABC's creditor's suit and continued to refuse to release the funds in the single client trust account. Yet at the trial on the creditor's suit, Barilla presented no evidence, thereby conceding ABC's right to those trust account funds. Only after the trial court ruled on the motion for attorney fees in the creditor's suit did Barilla finally release the trust account funds to ABC. The trial court's finding on the motion for attorney fees that Barilla acted without good cause was amply supported by the evidence.

6

DISPOSITION

The postjudgment order is affirmed.  Respondent to recover its costs on appeal.


FYBEL, J.

WE CONCUR:


O'LEARY, P. J.


THOMPSON, J.

7