Filed 1/7/21  Lee v. Kotyluk CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| JOHNNY KI LEE et al., | |
| Plaintiffs and Appellants, | G058768 |
| v. | (Super. Ct. No. 30-2019-01080056) |
| SEAN KOTYLUK, | O P I N I O N |
| Defendant and Respondent. | |

Appeal from an order of the Superior Court of Orange County, Carmen R. Luege, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Reversed.

Niddrie Addams Fuller Singh, John S. Addams; Smith & Silbar and Rachelle Singer for Plaintiffs and Appellants.

Peirano & Associates, Inc., Cristian L. Peirano and Sean Raymond Bozarth for Defendant and Respondent.

\*          \*          \*

This is an appeal of attorney fees and costs that were awarded after judgment was entered in favor of defendant Sean Kotyluk and against plaintiffs Johnny Ki Lee and Un Joong Lee. The underlying facts and procedural background of this unlawful detainer action are more fully described in a concurrently filed companion opinion (G058631). Since we found in the companion opinion that the trial court erroneously granted judgment in favor of defendant, we reverse the trial court's order awarding him attorney fees and costs.

I

PROCEDURAL BACKGROUND

As set forth more fully in the companion opinion, on October 8, 2019, the trial court granted defendant's motion seeking judgment on the pleadings and denied plaintiffs' request for leave to amend. Judgment was entered in favor of defendant and against plaintiffs on October 16, 2019, and an amended judgment was entered on November 15, 2019. Plaintiffs appealed the amended judgment on December 4, 2019, which is the subject of the companion opinion. After plaintiffs filed their appeal in the companion case, the trial court awarded defendant $25,794 in attorney fees and $1,445 in costs (collectively, the award). Attorney fees were awarded under paragraph 31 of the lease, which allows the prevailing party to recover such fees. Costs were awarded to defendant as the prevailing party under Code of Civil Procedure section 1032.[1] Plaintiffs separately appealed the award.

---

[1] Further undesignated statutory references are to the Code of Civil Procedure.

II

DISCUSSION

A. *Defendant's Motion to Dismiss*

Defendant contends this appeal is either moot or frivolous because the award will automatically be reversed if the companion opinion is decided in plaintiffs' favor (defendant's opposition to the opening brief consists of the same arguments). We disagree and deny the motion to dismiss.

Plaintiffs properly filed a separate appeal challenging the award. "Under section 904.1(a)(2), postjudgment orders granting or denying motions for attorney fees are deemed to be appealable." (*Apex LLC v. Korusfood.com* (2013) 222 Cal.App.4th 1010, 1015.) "'When a party wishes to challenge both a final judgment *and* a postjudgment costs/attorney fee order, the normal procedure is to file *two separate appeals*: one from the final judgment, and a second from the postjudgment order.'" (*Torres v. City of San Diego* (2007) 154 Cal.App.4th 214, 222; *Norman I. Krug Real Estate Investments, Inc. v. Praszker* (1990) 220 Cal.App.3d 35, 46 ["A postjudgment order which awards or denies costs or attorney's fees is separately appealable"].)

B. *Merits of the Appeal*

"In any action on a contract, where the contract specifically provides that attorney's fees . . . shall be awarded . . . then the party who is determined to be the party prevailing on the contract . . . shall be entitled to reasonable attorney's fees . . . ." (Civ. Code, § 1717, subd. (a).) Similarly, under section 1032, subdivision (b), "a prevailing party is entitled as a matter of right to recover costs in any action or proceeding."

As set forth in the companion opinion, the trial court in this case awarded attorney fees and costs to defendant as the prevailing party under the terms of the lease and under section 1032, respectively. Plaintiffs argue that if the judgment is reversed in the companion opinion, then defendant is no longer the prevailing party and is not

3

entitled to the award.  Defendant concedes the argument.  Given that we reversed the underlying judgment in the companion opinion, the award is also reversed.

## III

## DISPOSITION

The order is reversed.  Plaintiffs are entitled to their costs on appeal.


MOORE, ACTING P. J.

WE CONCUR:


ARONSON, J.


GOETHALS, J.

4