Filed 7/29/24  Garcia v. Zarco Hotels Incorporated CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| ORLANDO GARCIA,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>ZARCO HOTELS INCORPORATED,<br><br>    Defendant and Respondent. | B332298<br><br>(Los Angeles County<br> Super. Ct. No. 21STCV00023) |

APPEAL from an order of the Superior Court of Los Angeles County, Anne Richardson, Judge.  Affirmed.

Center for Disability Access, Russell Handy; Seabrock Price, Dennis Price and Sara Johnson for Plaintiff and Appellant.

Jeffer Mangels Butler & Mitchell, Martin H. Orlick, Stuart K. Tubis and Christopher Whang for Defendant and Respondent.

————————————

# INTRODUCTION

Orlando Garcia sued Zarco Hotels Incorporated (Zarco), the owner and operator of the Hollywood Hotel (the Hotel), under the Americans with Disabilities Act of 1990 (ADA; 42 U.S.C. § 12101 et seq.). Garcia alleged that the Hotel's reservation website did not provide ADA-required information to enable persons with disabilities to determine whether the Hotel's common areas and rooms were accessible to them. Zarco moved for summary judgment, submitting printouts from the Hotel's website with the accessibility information it provided. Garcia then dismissed his case before any opposition was due.

The trial court later granted Zarco's motion for attorney's fees, finding that Garcia's action was frivolous as is required to award fees to a prevailing defendant under the ADA. Garcia contends this was error. Garcia fails to demonstrate his claim against Zarco had any arguable merit, and we therefore affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

### A. Garcia's Complaint

Garcia sued Zarco on January 4, 2021. Garcia's complaint alleged that he is a California resident who suffers from cerebral palsy, has the use of only one arm, and uses a wheelchair, walker, or cane for mobility. Garcia alleged that he "went to the . . . Hotel reservation website . . . seeking to book an accessible room," but "found that there was insufficient information about the accessible features in the 'accessible rooms' at the Hotel to permit him to assess independently whether a given hotel room would work for him." Garcia identified three pieces of information the website allegedly did not provide: (1) whether the entrance and bathroom doors were wide enough (32 inches) for

2

his wheelchair; (2) whether the sink had clearance for a wheelchair user with the pipes covered to protect against burning a wheelchair user's knees; and (3) whether the tables and service counter in the restaurant were accessible. Garcia also alleged that he needed the following "features to be identified and described with a modest level of detail," although he did not specifically allege that the website failed to provide this information: (1) whether there was 30 inches of clearance on the side of the bed to allow him to get into bed from his wheelchair, (2) whether the desk provided sufficient knee and toe clearance, (3) whether the toilet seat was between 17 and 19 inches in height and there were grab bars for the toilet, (4) whether the bathroom mirror was mounted at a lowered height, and (5) what type of shower a particular room contained (transfer, standard roll-in, or alternate roll-in) and whether it had an in-shower seat, grab bars mounted on the walls, a detachable hand-held shower wand, and wall mounted accessories and equipment "within 48 inches [of] height." Garcia alleged the "lack of information created difficulty for [him] and the idea of trying to book this room—essentially ignorant about its accessibility—caused difficulty and discomfort for [him] and deterred him from booking a room at the Hotel."

Garcia asserted a claim under the ADA, and specifically under a regulation known as the "Reservations Rule" which requires, in relevant part, that places of public lodging "Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs." (28 C.F.R. § 36.302(e)(1)(ii).) Garcia also

3

asserted a claim under a provision of the Unruh Civil Rights Act (Civ. Code, §§ 51-53) stating that any violation of the ADA was also a violation of the act (*id.*, § 51, subd. (f)).

## B.    Zarco's Summary Judgment Motion

On July 15, 2022, Zarco moved for summary judgment. Zarco contended that the Hotel's reservations website complied with the Reservations Rule.  Zarco cited interpretive guidance published by the United States Department of Justice regarding the rule, which stated that for hotels built to ADA standards (which the Hotel was) "it may be sufficient to specify that the hotel is accessible and, for each accessible room, to describe the general type of room (*e.g.*, deluxe executive suite), the size and number of beds (*e.g.*, two queen beds), the type of accessible bathing facility (*e.g.*, roll-in shower), and communications features available in the room (*e.g.*, alarms and visual notification devices)."  (28 C.F.R. Pt. 36, App. A, Title III Regulations 2010 Guidance and Section-by-Section Analysis (DOJ Guidance).)

Zarco submitted printouts from its website, showing the website described the accessibility of the Hotel generally, including:

- "36[-i]nch [w]ide [o]pening to [c]ommon [a]reas";
- "[a]ccessible [e]ntrance to [r]estaurant";
- "[a]ccessible [g]uest [r]ooms with 36[-i]nch [w]ide [o]penings";
- "[c]heck-[i]n [c]ounters/[o]ther counters [s]erving [g]uests [h]ave a [l]owered [p]ortion [n]o [m]ore [t]han 36 [inches] [h]igh or [h]as a [f]olding [s]helf [a]t 36 [inches]";
- "[r]oll-in ADA showers available"; and

4

- "36 [inches] or [m]ore [a]ccessible [p]ath of [t]ravel [a]round and [b]etween [b]eds [p]er ADA [s]tandards."

The general information about the Hotel's accessibility included a subsection titled, "[b]athroom [a]ccessibility [f]eatures," which indicated, in part:

- "[g]rab [b]ars in [s]hower with a [s]hower [s]eat";
- "[l]ower [m]irrors";
- "[d]rain and [w]ater [p]ipes [u]nder [s]ink are [i]nsulated";
- "[w]heelchair [a]ccessible [s]ink [t]hat [i]s [n]o [m]ore [t]han 34[ inches] [h]igh [w]ith [a]t [l]east 29[ inches] [h]igh [c]learance [u]nder [t]he [f]ront [e]dge [t]o [a]llow [p]ersons [w]ho [u]se [w]heelchairs [t]o [p]ull [u]nder [t]he [l]avatory [a]nd [u]se [t]he [f]aucet [h]ardware [p]er ADA [s]tandards"; and
- "[w]heelchair [a]ccessible [r]aised [t]oilet [p]er ADA [s]tandards [i]ncluding [t]oilet [s]eat [b]etween 17[ inches]-19[ inches] [a]bove [t]he [f]loor."

The website also had a webpage regarding specific accessible guestrooms, including the "Luminary Double Queen (ADA)" room, which included an image of the sleeping/living area, and stated, in part: "[b]athtub grab bars," "[b]athroom doors in inches: 36," "[a]djustable height hand-held shower wand," and "[b]athtub seat."

Zarco relied on approximately 50 federal district court decisions dismissing similar claims regarding hotel reservation websites, most filed by Garcia's counsel and including many where Garcia was the plaintiff.

Zarco also contended that Garcia lacked standing to seek injunctive relief because he had "filed more than 1,200 ADA lawsuits against hotels and businesses" and "it seems highly unlikely that [Garcia] will visit, and re-visit, all 1,200+ properties, including [the Hotel]." Zarco requested the court take judicial notice of numerous ADA complaints filed by Garcia against other non-hotel businesses.

Lastly, Zarco pointed to a civil complaint filed by the San Francisco and Los Angeles county district attorneys under the Unfair Competition Law (Bus. & Prof. Code, § 17200 et seq.) against Garcia's counsel for filing actions under the ADA and/or Unruh Civil Rights Act to obtain quick money settlements regardless of whether there were actual ADA violations.

**C.      Garcia's Voluntary Dismissal**

Garcia dismissed the action with prejudice on October 6, 2022, before his opposition to Zarco's summary judgment motion was due.

**D.      Zarco's Motion for Attorney's Fees**

On November 29, 2022, Zarco filed a motion for its attorney's fees and costs under a provision in the ADA, 42 United States Code section 12205, which permits a court "in its discretion, [to] allow the prevailing party . . . a reasonable attorney's fee, including litigation expenses, and costs." Zarco contended that it was entitled to fees if Garcia's action was frivolous, unreasonable, vexatious, or groundless. It argued that Garcia's action met this standard because, as shown by the evidence Zarco adduced with its summary judgment motion, the Hotel's website complied with the Reservations Rule. Zarco pointed out that the lawsuit was nearly identical to many other dismissed lawsuits filed by Garcia, and argued this further

demonstrated Garcia knew his lawsuit was meritless.  Zarco also again referenced the Unfair Competition Law action filed by the San Francisco and Los Angeles county district attorneys against Garcia's attorneys.

### E.    Garcia's Opposition

Garcia opposed the motion for attorney's fees.  Garcia contended his lawsuit had arguable merit when he filed it, because the Reservations Rule was ambiguous and failed to specify what level of detail a website needed to provide regarding accessible features.  He acknowledged that his lawsuit ceased to have merit when, just a week after Zarco had filed its summary judgment motion, the Ninth Circuit issued its decision in *Love v. Marriott Hotel Services, Inc.* (9th Cir. 2022) 40 F.4th 1043.  Garcia asserted that he dismissed his case because of *Love*.

The *Love* court found that the Reservations Rule was "ambiguous in its directive that hotels '[i]dentify and describe accessible features' in 'enough detail to reasonably permit individuals with disabilities to assess independently' whether the hotel's offerings suit their needs.  [Citation.]" (*Love v. Marriott Hotel Services, Inc.*, *supra*, 40 F.4th at p. 1045.)  The court thus gave " 'controlling weight' " to the DOJ Guidance, which as noted above permits providing more generic descriptions of accessibility when the hotel was built to ADA standards.  (*Id.* at pp. 1045, 1048.)  Garcia asserted that, prior to *Love*, trial courts had accepted his interpretation of the Reservations Rule as requiring additional details for hotels built to ADA standards, and identified in support one federal district court case in which he

was the plaintiff, *Garcia v. Patel & Joshi Hospitality Corp.* (C.D.Cal. 2021) 2021 WL 1936809.[1]

Turning to the merits of his claims against Zarco, Garcia submitted printouts and images from the Hotel's website captured by Garcia's counsel related to the "Luminary Double Queen (ADA)" guestroom. Garcia pointed out that these specific webpages did not provide information about the accessibility of the bed, the clearance under the desk, whether the toilet seat was 17 to 19 inches in height, whether the toilet had grab bars, how much clearance the sink had and whether the plumbing underneath was wrapped with insulation, the height of the bathroom mirror, what type of shower was in the room, whether there was an in-shower seat and grab bars, and the height of any wall mounted accessories and equipment. Garcia also contended that the image of the bathroom showed a roll-in shower even though the website indicated the room had a bathtub. He further argued that the images showed the placement of the flush lever and toilet paper dispenser did not comply with ADA requirements.

Lastly, Garcia noted that the Unfair Competition Law action against his attorneys had been "thrown out of court because it lacked any legal merit."

## F.    Zarco's Reply

Zarco filed a reply in which it argued that the proper interpretation of the Reservations Rule was clear even before the Ninth Circuit decided *Love*. It also highlighted that Garcia had identified only one arguably contrary case, which was decided on

---

[1] We set forth the holding in this case in the Discussion section below.

a motion to dismiss (and thus based solely on the plaintiff's allegations) and involved a website that did not provide the level of information provided in the Hotel's website.  Zarco pointed to 39 federal court decisions pre-dating *Love* interpreting the Reservations Rule as the Ninth Circuit did in *Love*, including 17 such cases filed by Garcia.

**G.     The Trial Court's Ruling**

The trial court held a hearing on July 10, 2023, and issued its ruling the next day granting the motion.  The court found that the Reservations Rule and the DOJ Guidance "were sufficiently clear to show that the level of detail [Garcia alleged was] required in his [c]omplaint to deem Zarco['s] . . . rooms ADA . . . 'accessible' was frivolous."  The court addressed Garcia's argument that the Reservations Rule was ambiguous by "find[ing] that the clarity of the DOJ Guidance should have intimated to [Garcia] and counsel that the accessibility information they sought against Zarco . . . in the [c]omplaint went far beyond that information reasonably needed to inform . . . Garcia of Zarco['s] . . . ability to accommodate [Garcia]'s accessibility needs."  The court awarded Zarco the full amount of attorney's fees and costs it had requested, $57,604.90.

Garcia timely appealed.

**DISCUSSION**

**A.     Standard of Review**

A trial court can award attorney's fees under 42 United States Code section 12205 to a prevailing defendant only if it finds " 'the plaintiff's action was frivolous, unreasonable, or without foundation.' "  (*Summers v. A. Teichert & Son, Inc.* (9th Cir. 1997) 127 F.3d 1150, 1154, quoting *Christiansburg Garment*

9

*Co. v. EEOC* (1978) 434 U.S. 412, 421 [98 S.Ct. 694, 54 L.Ed.2d 648]; see also *Jankey v. Lee* (2012) 55 Cal.4th 1038, 1048 [noting "[u]nder *Christiansburg*, . . . prevailing defendants may receive fees only when the trial court finds that a plaintiff's claim is 'frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so' "].)

" ' "On review of an award of attorney fees after trial, the normal standard of review is abuse of discretion. However, de novo review of such a trial court order is warranted where the determination of whether the criteria for an award of attorney fees and costs in this context have been satisfied amounts to statutory construction and a question of law." ' [Citations.] In other words, 'it is a discretionary trial court decision on the propriety or amount of statutory attorney fees to be awarded, but a determination of the legal basis for an attorney fee award is a question of law to be reviewed de novo.' [Citations.]" (*Mountain Air Enterprises, LLC v. Sundowner Towers, LLC* (2017) 3 Cal.5th 744, 751.)

Garcia contends our review should be de novo because he challenges Zarco's "legal entitlement" to attorney's fees. (Italics omitted.) But the applicable legal standard under 42 United States Code section 12205 is not disputed. Garcia's challenge to the court's fee award instead turns on whether his ADA claims were frivolous under the facts of this case. We review this type of finding for abuse of discretion. (*McCluskey v. Henry* (2020) 56 Cal.App.5th 1197, 1205.)

Under the abuse of discretion standard, a trial court's "application of the law to the facts is reversible only if arbitrary and capricious." (*Haraguchi v. Superior Court* (2008) 43 Cal.4th 706, 712, fn. omitted.) "The normal rules of appellate review

10

apply to an order granting or denying attorney fees; i.e., the order is presumed correct, all intendments and presumptions are indulged to support the order, conflicts in the evidence are resolved in favor of the prevailing party, and the trial court's resolution of factual disputes is conclusive." (*Apex LLC v. Korusfood.com* (2013) 222 Cal.App.4th 1010, 1017.)

## B. The Trial Court Did Not Abuse Its Discretion in Awarding Zarco Its Attorney's Fees

### 1. *Garcia's Interpretation of the Reservations Rule and the DOJ Guidance Prior to the* Love *Decision*

Garcia first argues his complaint had a reasonable legal basis because pre-*Love* there was a debatable legal question about the level of detail a hotel had to provide about accessibility. (See *Kohler v. Bed Bath & Beyond of California, LLC* (9th Cir. 2015) 780 F.3d 1260, 1267 [concluding ADA claims were not frivolous because they "were not clearly resolved by . . . prior caselaw interpreting the ADA"].) Garcia asserts it was reasonable to claim the Reservations Rule required a website to provide detail beyond stating a feature was "accessible," and that the rule was sufficiently unambiguous that the DOJ Guidance was entitled to no interpretive weight. Garcia alternatively asserts that to the extent the DOJ Guidance was relevant to interpreting the Reservations Rule, that guidance likewise could reasonably have been interpreted to require detail beyond labeling a feature as "accessible."

Such abstract questions of interpretation, however, are unmoored to the question before us: whether the specific allegations of Garcia's complaint were frivolous. The Hotel's website provided details regarding accessible features in the hotel and in the "Luminary Double Queen (ADA)" rooms,

11

including images of the living/sleeping area and the bathroom in such rooms, and Garcia made specific claims about the information the website allegedly should have provided but did not. It is the reasonableness of those claims that governs our inquiry.

2. *Garcia's Claims About the Hotel's Website*

Turning to the specific claims in Garcia's complaint about the alleged insufficiency of the information the Hotel provided about accessibility, the trial court did not abuse its discretion in finding those claims were frivolous.

Garcia asserts his claims were reasonable because the Hotel's website did not provide any details about the accessibility of the Hotel's dining facilities.[2] He also asserts that his claims about the insufficiency of information about accessible guest rooms were reasonable because, based on the displayed image of the bathroom, the placement of the flush lever and the toilet paper holder did not comply with the ADA. However, Garcia did not raise these points in the trial court when arguing against any fee award, thereby denying the court the opportunity to consider these arguments. As a result, Garcia has forfeited these assertions. (*Regency Midland Construction, Inc. v. Legendary Structures Inc.* (2019) 41 Cal.App.5th 994, 999 [on appeal party forfeited "new arguments it never presented to the trial court"].)

We further note that with regard to the placement of the flush lever and the toilet paper holder those alleged violations

---

[2] The website stated, "[a]ccessible route from the hotel's accessible public entrance to at least one restaurant via parking lot entrance," "[a]ccessible [e]ntrance to [r]estaurant," and "[a]ll areas of the hotel are accessible by wheelchair."

were not a basis for Garcia's lawsuit, and his complaint expressly stated that he "[did] not know if any physical or architectural barriers exist at the hotel and, therefore, [wa]s not claiming that . . . the hotel has violated any construction-related accessibility standard." Garcia fails to explain how the claims made in his complaint could have been reasonable based on a different claim that his complaint did not assert. (See *Civil Rights Educ. v. Hospitality Properties* (9th Cir. 2017) 867 F.3d 1093, 1099 [an ADA plaintiff must have " 'actual knowledge' of a barrier" to establish that "the defendant's noncompliance has deterred [their] access"].)

Garcia next contends that room-specific information on the website about accessible hotel room bathrooms was insufficient because it conflicted by including several references to "bathtub" (e.g., "bathtub seat") while also stating "shower only." However, the evidence showed that once Garcia selected a particular accessible room, the website included a picture of the bathroom in that room—an image that Garcia conceded "shows a roll-in shower." Given this evidence, the trial court could have reasonably concluded that Garcia's claim of confusion about the bathing option in the room he sought to book was frivolous.

Garcia lastly contends that Zarco improperly limited room-specific information regarding the toilet and shower because the website stated only "[a]ccessible [t]oilets" and "[a]djustable height hand-held shower wand." However, he fails to mention that the website elsewhere includes a "[b]athroom [a]ccessibility [f]eatures" section which provides details regarding the toilet (including the height of the seat and the presence of grab bars)

13

and the shower.[3]  In addition, based on Garcia's own evidence, the website has an image of the bathroom which shows the toilet and the shower.

### 3. *Garcia's Reliance on Several Federal District Court Decisions*

Garcia acknowledges that numerous cases had rejected his interpretation of the applicable law before he filed his complaint, and "[t]here was no question that the growing consensus was in favor of the position that the Ninth Circuit ultimately adopted" in *Love*.  His briefing argues that certain cases where federal district courts denied motions to dismiss brought by defendant hotels show his complaint in this action was not frivolous.  We discuss each of these cases below and explain why we find Garcia's reliance on them unpersuasive.

The first such case is *Love v. Cow Hollow Motor Inn Associates, L.P.* (N.D.Cal. 2021) 2021 WL 6752281.  It is inapposite because the court relied on the plaintiff's allegations as to the content of the hotel's website in denying a motion to dismiss.  (*Id.* at p. *1.)  The court concluded the alleged contents of the hotel's website did not necessarily satisfy the Reservations

---

[3] In his opposition in the trial court, Garcia misleadingly submitted only the section of the website regarding one specific room and did not mention or acknowledge that there was accessibility information in other sections of the website.  While some information must necessarily be provided with respect to a particular accessible room, such as whether a room has an accessible shower or accessible tub (if an accessible room could have either a shower or a tub), Garcia identifies no prohibition on providing other information common to all accessible rooms in one place.

14

Rule by providing the information the DOJ Guidance states "'*may* be sufficient.'" (*Id*. at p. *2.) Here, in contrast, the actual contents of the Hotel's website as they pertained to Garcia's allegations provided details beyond what the DOJ Guidance indicated was sufficient.

The next case is *Garcia v. Patel & Joshi Hospitality Corp.*, *supra*, 2021 WL 1936809. In this case, the court analyzed whether the plaintiff (Garcia) had stated a claim for relief under the DOJ Guidance. (*Id*. at p. *3.) The court denied the hotel's motion to dismiss because "[the p]laintiff's requested information about the accessibility of toilets or of clear floor space is sufficiently narrow and consistent with the kinds of information that the DOJ Guidance identifies as potentially sufficient to comply with the Reservations Rule (e.g., 'type of bathing facility' or 'communications features')." (*Id*. at p. *5.)[4] This ruling is unavailing to Garcia because the Hotel's website contained details about the accessible features of the Hotel generally as well as the "accessible" guestrooms, including regarding the accessibility of the toilets and clear floor space.

The other cases cited by Garcia are distinguishable because the courts concluded the DOJ Guidance was entitled to deference, and they found the plaintiffs had stated a claim under the Reservation Rule and the DOJ Guidance based on allegations different from those made by Garcia in this case. (*Arroyo v. RSTP Investments LLC* (N.D.Cal. 2021) 2021 WL 4459755, pp. *4-*5 [website provided no information regarding the areas of the hotel outside of the guestrooms; court rejected the plaintiff's

_____

[4] The district court later denied the hotel's motion for reconsideration, adhering to its prior reasoning. (*Garcia v. Patel & Joshi Hospitality Corp.* (C.D.Cal. 2021) 2021 WL 3557813.)

15

argument regarding the alleged inadequacy of the information provided regarding the guestroom]; *Lindsay v. Shree Enterprises, LLC* (E.D.Cal. 2021) 2021 WL 2711225, pp. *1, *3, *6 [website provided no information about the type of roll-in shower in a room; court declined to take judicial notice of the hotel's webpages]; *Garcia v. Garr Properties, Inc.* (C.D.Cal. 2021) 2021 WL 4704091, p. *4 [concluding that due to "inconsistencies throughout the [h]otel's website, and its lack of detail as compared to [websites at issue in other cases], [the p]laintiff's complaint as pleaded demonstrates additional information is needed"; website failed to provide adequate detail about " 'accessibility of toilets or of clear floor space,' " and it was unclear what type of shower was in a guestroom]; *Arroyo v. DTPS C-12, LLC* (C.D.Cal. 2021) 2021 WL 6751977, p. *3 [website failed to specify for at least one room whether there was a roll-in shower or a bathtub with grab rails].)[5]

In sum, none of the cases Garcia relies upon compels the conclusion that the trial court abused its discretion in determining that his claims against Zarco about the Hotel's website were frivolous.

---

[5] Garcia also relies on *Whitaker v. Casa Madrona Hotel and Spa, LLC* (N.D.Cal. 2021) 2021 WL 1615372, where the court denied the defendant hotel's motion to dismiss, but that opinion does not discuss the DOJ Guidance. We further note that while the *Whitaker* court found the plaintiff's allegations plausible based on the information the court could consider at the motion to dismiss stage, the court also stated the actual contents of the website suggested the fact-finder would find in favor of the hotel once the case progressed past the motion to dismiss stage. (*Id.* at p. *1.)

16

## DISPOSITION

The trial court's order granting Zarco's motion for attorney's fees and costs is affirmed.  Zarco is awarded its costs on appeal.

NOT TO BE PUBLISHED



WEINGART, J.


We concur:



BENDIX, Acting P. J.



KELLEY, J.*

---

\* Judge of the San Luis Obispo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.