Filed 8/17/16  Marriage of Walther CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| In re Marriage of KIRA and HOWARD WALTHER. | 2d Civil No. B267209<br>(Super. Ct. Nos. 1440419, 1440375)<br>(Santa Barbara County) |
| KIRA WALTHER,<br><br>    Respondent,<br><br>v.<br><br>HOWARD WALTHER,<br><br>    Appellant. | |

Howard Walther (husband) appeals from an order directing him to pay $50,000 in pendente lite attorney fees to Kira Walther (wife).  He also appeals from (1) an order directing him to pay attorney fees to counsel who was representing the parties' son, and (2) an order directing a child custody evaluator to prepare a report.  The latter order is nonappealable.  We dismiss the appeal to the extent it seeks review of this order.  In all other respects, we affirm.

This is the second time that husband has appeared before us on appeal in this case.  In an unpublished opinion filed in 2015, we ordered the trial court to determine a "reasonable rate of return" on husband's assets and to recalculate temporary child and spousal support.  (*In re Marriage of Walther* (Nov. 30, 2015, B260104).)

*Factual and Procedural Background*

The parties married in February 1998 and separated in February 2014. They have two children: a son born in 2003 and a daughter born in 2009. In March 2014 wife filed a petition for dissolution of marriage.

In August 2015 wife filed a request for pendente lite attorney fees. According to her Income and Expense Declaration filed on August 12, 2015, her average monthly wages for the last 12 months were $2,078, but she had earned $3,131 the previous month. She was receiving monthly spousal support of $1,952. Her sole asset was $20,991 in cash. Her average monthly expenses were $8,335.

According to husband's Income and Expense Declaration filed on July 21, 2015, his average monthly income for the last 12 months was $1,500. His income was derived entirely from dividends and interest. His assets consisted of $1,500 in cash, $1,120,000 in "[s]tocks, bonds, and other assets [he] could easily sell," and $1,183,000 in real property. The real properties were "up for sale and no longer rented." His average monthly expenses were $3,507.

At a hearing in September of 2015, the court ordered husband to pay wife's attorney fees of $50,000. Pursuant to husband's request, the court asked wife to prepare a statement of decision. On September 30, 2015, husband filed a notice of appeal.

The court did not sign a statement of decision. Instead, on November 4, 2015, it signed and filed a document entitled, "Findings and Orders after Hearing Granting [Wife's] Request for Order for Pendente Lite Attorney Fees" (hereafter "Findings and Orders").

On October 18, 2015, wife filed an "Ex Parte Application In Support of Emergency Orders Pending Trial." Wife requested, inter alia, that San Filippo, a child custody evaluator, be ordered to prepare a report and that husband be ordered to immediately pay attorney fees of $8,332.45 to Charles Oxton, who was representing the parties' son. At a hearing on October 26, 2015, the trial court granted the requested relief and directed wife to prepare an order. Three days later, husband filed a notice of appeal.

2

On November 24, 2015, the court signed a document entitled "Findings and Order after Hearing," which incorporated its findings and orders at the hearing on October 26, 2015.

*Appeal from Order Awarding Pendente Lite Attorney Fees*

*Live Testimony*

Husband contends that, at the hearing on wife's motion for pendente lite attorney fees, the trial court erred in refusing to receive live testimony without making a finding of good cause for its ruling. Family Code section 217, subdivision (a) provides: "At a hearing on any . . . notice of motion brought pursuant to this code, absent a stipulation of the parties or a finding of good cause pursuant to subdivision (b), the court shall receive any live, competent testimony that is relevant and within the scope of the hearing . . . ."[1]

We need not, and do not, determine whether the trial court erred. If it had erred, the error would not have been reversible because husband failed to make an offer of proof. Evidence Code section 354, subdivision (a) provides that a decision shall not be reversed because of the erroneous exclusion of evidence unless the error "resulted in a miscarriage of justice" and "[t]he substance, purpose, and relevance of the excluded evidence was made known to the court by the questions asked, an offer of proof, or by any other means . . . ." "This rule is necessary because . . . the reviewing court must know the substance of the excluded evidence in order to assess prejudice [i.e., to determine whether the exclusion resulted in a miscarriage of justice]. [Citations.]" (*People v. Anderson* (2001) 25 Cal.4th 543, 580-581.) "An offer of proof must consist of material that is admissible, and it must be specific in indicating the name of the witness and the purpose and content of the testimony to be elicited. [Citation.]" (*People v. Rodrigues* (1995) 8 Cal.4th 1060, 1176.)

Husband did not comply with this requirement. He provided a list of his witnesses (himself, wife, and an unnamed "forensic accountant") and described the subject matter of their testimony. But he provided no information about the "content of the testimony to be elicited." (*People v. Rodrigues*, *supra*, 8 Cal.4th at p. 1176.)

---

[1]Unless otherwise stated, all statutory references are to the Family Code.

3

Husband states, "[He] did make offers of proof with regard to evidence to be presented." This conclusory assertion, unaccompanied by any analysis, is insufficient to show that he made an adequate offer of proof. (*In re S.C.* (2006) 138 Cal.App.4th 396, 408-410.) Husband improperly cites pages 34-52 of the reporter's transcript. "[I]t is manifestly 'the duty of a party to support the arguments in its briefs by appropriate reference to the record, which includes providing *exact page citations.* [Citations.]' [Citation.] [Husband's] single citation to a reporter's transcript with block page references, for example, 'RT Vol 6, 2480–2501,' frustrates this court's ability to evaluate *which facts* a party believes support his position, particularly when [as here] a large portion of that citation referred to points that appeared to be irrelevant." (*Nazari v. Ayrapetyan* (2009) 171 Cal.App.4th 690, 694, fn. 1.)

In any event, the cited pages of the reporter's transcript do not show that husband disclosed the "content of the testimony to be elicited." (*People v. Rodrigues*, *supra*, 8 Cal.4th at p. 1176.) "Because [husband] . . . failed to make an offer of proof, the [live testimony] issue was not preserved for appeal." (*Magic Kitchen LLC v. Good Things Internat.*, *Ltd.* (2007) 153 Cal.App.4th 1144, 1165.)

*Section 4320 Factors*

In determining whether to award pendente lite attorney fees, the court "shall take into consideration the need for the award to enable each party, to the extent practical, to have sufficient financial resources to present the party's case adequately, taking into consideration, to the extent relevant, the circumstances of the respective parties described in Section 4320." (§ 2032, subd. (b).) Husband argues that the trial court erred because it "failed to address the relevant Section 4320 factors in its findings and order." We consider only the relevant factors claimed by husband to have not been addressed by the court. We review the award of attorney fees for abuse of discretion. (*In re Marriage of Keech* (1999) 75 Cal.App.4th 860, 866.)

Section 4320 provides that the court shall consider the parties' assets and income. Husband asserts that, although the trial court "dr[e]w a comparison between Wife's income and Husband's assets," it "failed to make any findings with regard to

4

Wife's assets or Husband's income." We disagree. In its Findings and Orders, the court found that wife "has savings in the sum of $24,000." The court did not mention husband's income, but this omission did not constitute an abuse of discretion in view of wife's minimal assets and husband's substantial assets. The court found that, "by his admissions made in his first filed Income and Expense Declaration [husband] has $2.8 million in securities and real estate . . . ." The court acknowledged that husband "now contends [in his current Income and Expense Declaration filed on July 21, 2015,] that he is attempting to liquidate rental income producing properties and that his liquid stock and cash assets have [been] reduced to $1,120,000 from $1,230,840."

Husband complains that the court "elected to rely" upon the $2.8 million figure in his first Income and Expense Declaration "instead of relying on his more recently filed Income and Expense Declaration." The court's above- quoted statements show that it considered his current Income and Expense Declaration, which supports the award of pendente lite attorney fees.

*Statement of Decision*

At the hearing on pendente lite attorney fees, husband requested a statement of decision. The trial court asked wife to prepare the statement. In its subsequently filed Findings and Orders, the court observed that a statement of decision is not required in "[a] proceeding to determine whether a spouse should be awarded . . . attorney's fees pendente lite." Thus, "rather than issuing a statement of decision as requested by [husband], the court is issuing findings and orders after hearing."

Husband agrees that "no statement of decision is required [for a pendente lite attorney fees order,] notwithstanding a party's timely request. [Citation.]" But, without further discussion, he claims, "[The trial judge] elected to exercise his discretion in ordering the preparation of a statement of decision and his subsequent reversal of this decision represents an abuse of that discretion." "This is no legal analysis at all. It is simply a conclusion, unsupported by any explanation of why [the court abused its discretion]. Hence, [husband] has forfeited the claim of error. [Citation.]" (*In re S.C.* (2006) 138 Cal.App.4th 396, 410.)

5

*Appeal from Order Awarding Attorney Fees to Son's Counsel*

In July 2015 the trial court appointed Charles Oxton to represent the parties' son in a lawsuit filed by husband on behalf of son. In August 2015 the court "broadened Charles Oxton's duties . . . to also include matters of custody and visitation." In addition, it appointed Oxton "as Guardian ad Litem of [son]" for purposes of the lawsuit. It ordered that husband "be responsible for Mr. Oxton's fees and costs." On October 26, 2015, the court ordered husband to pay Oxton's attorney fees of $8,332.45 for services rendered through September 28, 2015.

Husband argues that Oxton should have been disqualified and is not entitled to attorney fees because he failed to comply with rule 5.242 of the California Rules of Court.[2] The disqualification issue is not properly before us because in the trial court husband did not seek to disqualify Oxton and the court did not rule on this issue. (*Ernst v. Searle* (1933) 218 Cal. 233, 240-241.) The attorney fee issue, on the other hand, is properly before us. We reject wife's contention that the order is nonappealable. "'When a court renders an interlocutory order collateral to the main issue, dispositive of the rights of the parties in relation to the collateral matter, and directing payment of money or performance of an act, direct appeal may be taken. [Citations.]' [Citation.] . . . [¶] The [October 26, 2015,] order finally determined the issue of previously incurred attorney fees [i.e., fees incurred through September 28, 2015] . . . . 'Such a determination is substantially the same as a final judgment in an independent proceeding.' [Citation.]" (*In re Marriage of Tharp* (2010) 188 Cal.App.4th 1295, 1311.)

Rule 5.242(b)(3) provides that, "[t]o be eligible for appointment as counsel for a child, counsel must . . . [m]eet the education, training, and experience requirements of this rule." The requirements are set forth in rule 5.242(c)-(g). "A person appointed as counsel for a child must . . . [f]ile a declaration with the court indicating compliance with the requirements of this rule no later than 10 days after being appointed and before beginning work on the case. Counsel may complete the *Declaration of Counsel for a Child Regarding Qualifications* (form FL-322) . . . for this purpose." (Rule 5.242(h)(1).)

_____

[2] All References to rules are to the California Rules of Court.

Oxton did not file form FL-322 within the required 10-day period. Instead, he filed it late on October 9, 2015. The form shows that he met the education, training, and experience requirements of rule 5.242.

Husband has not presented any legal argument in support of his claim that Oxton "should be precluded from . . . [receiving] payment in this matter" because he "was never in compliance" with rule 5.242. Accordingly, we deem the claim abandoned. "When an issue is unsupported by pertinent or cognizable legal argument it may be deemed abandoned and discussion by the reviewing court is unnecessary. [Citations.]" (*Landry v. Berryessa Union School Dist.* (1995) 39 Cal.App.4th 691, 699-700.)[3]

*Order Requiring Child Custody Evaluator to*

*Prepare a Report is Nonappealable*

Husband asserts that the trial court erroneously ordered San Filippo, a child custody evaluator, to "provide a summary of (a) work done to date, (b) road blocks she has encountered preventing completion, and (c) a summary of the witness interviews she has conducted." Code of Civil Procedure section 904.1, subdivision (a)(10) provides that an appeal may be taken "[f]rom an order made appealable by the provisions of the . . . Family Code." We are not aware of any Family Code provision that authorizes an appeal from the order in question. We therefore dismiss the appeal to the extent it seeks review of that order.[4]

---

[3] In his reply brief, husband's counsel states that he "searched extensively through the existing state case law and could not find a published case which addressed the failure to timely and properly file a [form] FL-323." The absence of a case directly on point did not preclude the discussion of cases involving similar situations.

[4] We reject husband's claim in his reply brief that the order is an "appealable collateral order." The order is not "truly collateral in that it is [not] 'distinct and severable' from the subject matter of the underlying litigation. [Citation.]" (*Apex LLC v. Korusfood.com* (2013) 222 Cal.App.4th 1010, 1016.) In addition, the order does not "'direct the payment of money by appellant or the performance of an act by or against him.' [Citations.]" (*Lester v. Lennane* (2000) 84 Cal.App.4th 536, 561.)

*Sanctions*

In the conclusion of her brief, wife asks this court to "issue an order to show cause as to why [husband] should not be sanctioned for a frivolous appeal, and should order [him] to pay [wife's] attorney fees for having to oppose it." Wife "has not filed a separate sanctions motion as required by California Rules of Court, rule 8.276(b)(1). Sanctions cannot be sought in the respondent's brief. [Citation.] The request for sanctions is denied [for failure to comply with rule 8.276(b)(1)]. [Citation.]" (*Cowan v. Krayzman* (2011) 196 Cal.App.4th 907, 919.) Wife may seek recovery of her appellate attorney fees in the trial court.

*Disposition*

The appeal is dismissed to the extent it seeks review of the order directing San Filippo to prepare a report. In all other respects, the orders appealed from are affirmed. Wife shall recover her costs on appeal.

NOT TO BE PUBLISHED.


YEGAN, J.

We concur:


GILBERT, P. J.


PERREN, J.

8

James E. Herman, Judge

Superior Court County of Santa Barbara

_____

Newman and Horton, Alex S. Newman, for Appellant.

Law Offices of Stephanie J. Finelli, Stephanie J. Finelli; Drury Pullen, Susanna V. Pullen, for Respondent.