Filed 3/12/13  In re D.H. CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**COPY**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| In re D.H., a Person Coming Under the Juvenile Court Law. | C071641 |
| THE PEOPLE,<br><br>       Plaintiff and Respondent,<br><br>  v.<br><br>D.H.,<br><br>       Defendant and Appellant. | (Super. Ct. No. 65723) |

A petition filed on May 2, 2012, alleged that 17-year-old minor D.H., who had prior sustained juvenile adjudications for possession of burglary tools (Pen. Code, § 466), resisting a public officer (Pen. Code, § 148, subd. (a)(1)), and false representation to a peace officer (Pen. Code, § 148.9, subd. (a)) and a prior conviction in adult court for assault with a firearm (Pen. Code, § 245, subd. (a)(2)), came within Welfare and Institutions Code section 602 by committing first degree burglary (Pen. Code, § 459), grand theft of a firearm (Pen. Code, § 487, subd. (d)(2)), possession of a firearm capable

1

of being concealed by a minor (Pen. Code, § 29610), two counts of possession of ammunition by a minor (Pen. Code, § 29650), carrying a loaded firearm in public (Pen. Code, § 25850, subd. (a)), receiving stolen property (Pen. Code, § 496, subd. (a)), exhibiting a loaded firearm (Pen. Code, § 417, subd. (b)), misdemeanor vandalism (Pen. Code, § 594, subd. (a)), and resisting a peace officer (Pen. Code, § 148, subd. (a)(1)). The petition requested a hearing to determine whether the minor was fit to be tried in the juvenile court pursuant to Welfare and Institutions Code section 707, subdivision (c).

On May 4, 2012, a fitness hearing was set for May 23, 2012. At the May 23, 2012, fitness hearing, the People moved to amend the petition to request a fitness hearing pursuant to Welfare and Institutions Code section 707, subdivision (a)(1) and not under subdivision (c). The juvenile court granted the motion over the minor's objection and continued the hearing to May 25, 2012. The minor objected on the grounds of insufficient notice and insufficient time to prepare for the new allegations.

At the May 25, 2012, fitness hearing, the juvenile court found that the minor was not fit for juvenile court and referred the matter to the district attorney for prosecution as an adult.

The minor appeals.

We appointed counsel to represent the minor on appeal. Counsel filed an opening brief setting forth the facts of the case and, pursuant to *People v. Wende* (1979) 25 Cal.3d 436, requesting the court to review the record and determine whether there are any arguable issues on appeal. The minor filed a supplemental brief raising various issues related to the amendment of the petition and the two-day continuation for the fitness hearing.

The minor's notice of appeal purports to appeal from the May 8, 2012, "Procedure," the May 23, 2012, "Oral modification of Petition and trial setting," and the May 25, 2012, fitness determination. The notice of appeal states: "Result is not appealable but Due Process is the issue."

2

"[T]he California Supreme Court has repeatedly held that the right to appeal is wholly statutory." (*Barnes v. Litton Systems, Inc.* (1994) 28 Cal.App.4th 681, 683.) The right to appeal in delinquency proceedings is governed by Welfare and Institutions Code section 800, which, as pertinent here, provides that "[a] judgment in a proceeding under [Welfare and Institutions Code] Section 601 or 602" is appealable as a judgment and "any subsequent order" as an order after judgment. (Welf. & Inst. Code, § 800, subd. (a).) An order setting a hearing date or modifying a petition is not a judgment or an order after judgment and therefore is not an appealable order. For the same reason, a juvenile court's fitness determination under Welfare and Institutions Code section 707 is not an appealable order. (*People v. Superior Court (Jones)* (1998) 18 Cal.4th 667, 678.)

Since the minor is not contesting an appealable order, we have no jurisdiction to hear the appeal.

**DISPOSITION**

The appeal is dismissed.

                                            RAYE            , P. J.

We concur:


      NICHOLSON      , J.


      HULL            , J.