Filed 12/28/22  Apartment Owners Assn. of Cal. v. City of L.A. CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR


| | |
|---|---|
| APARTMENT OWNERS ASSOCIATION OF CALIFORNIA, INC. et al., <br><br> Plaintiffs and Appellants, <br><br> v. <br><br> CITY OF LOS ANGELES, <br><br> Defendant and Respondent. | B313439 <br><br> (Los Angeles County Super. Ct. Nos. BC677423, BC709658) |


APPEAL from a judgment of the Superior Court of Los Angeles County, Maren E. Nelson, Judge.  Reversed and remanded with instructions.

Arias Sanguinetti Wang & Torrijos, Mike Arias, Arnold C. Wang, Alfredo Torrijos; Peluso Law Group and Larry A. Peluso; Shining Law Firm and Carolin K. Shining for Plaintiffs and

Appellants Apartment Owners Association of California, Inc., Daniel C. Faller, Jasbir Dhillon, Gary Gillman and Anita Haeggstrom.

Kellner Law Group and Richard L. Kellner; Kabateck and Brian S. Kabateck; Ervin Cohen Jessup, Geoffrey M. Gold and Jeffrey T. Harlan for Plaintiffs and Appellants Frederick H. Leeds individually and as trustee for the Frederick H. Leeds Intervivos Trust dated November 30, 1990, Malcolm Bennett and 7005 L.P.

Michael N. Feuer, City Attorney, Scott Marcus and Blithe S. Bock, Assistant City Attorneys, Maureen Home, Sara Ugaz, Deputy City Attorneys for Defendant and Respondent.

Respondent City of Los Angeles (the City) began a program in 2017 called "recycLA."  Under that program, the City entered into contracts with seven waste haulers, pursuant to which each hauler would provide exclusive waste collection services to commercial and multi-unit dwellings in a designated zone of the city.  The contracts provided that the haulers would pay the City a percentage of their gross receipts as a "franchise fee."

Appellants Apartment Owners Association of California, Inc., Daniel C. Faller, Jasbir Dhillon, Gary Gillman, Anita Haeggstrom, Frederick H. Leeds, individually and as trustee for the Frederick H. Leeds Intervivos Trust Dated November 30, 1990, Malcolm Bennett, and 7005 L.P. are a group of property owners and tenants who were required to pay for and use waste hauling services under the recycLA system.  They sued the City, arguing that the franchise fees imposed under the program were effectively a "tax" imposed on them without voter approval in violation of Proposition 218.

2

The trial court granted summary judgment in favor of the City, finding that appellants lacked standing to pursue their claims. While this appeal was pending, our Supreme Court decided *Zolly v. City of Oakland* (2022) 13 Cal.5th 780 (*Zolly*), which addressed a similar challenge to the waste hauling franchise fees imposed by the city of Oakland. The *Zolly* court found that the plaintiffs had adequately alleged that they suffered "an economic injury caused by the challenged fees," and therefore had standing to file suit. (*Id.* at p. 790.)

Following *Zolly*, the City concedes that we must reverse summary adjudication as to the first cause of action for a refund of illegal taxes paid as franchise fees and remand for further proceedings. However, the City argues that we may affirm summary adjudication as to the second cause of action for declaratory relief. We are not persuaded. We therefore reverse the judgment and remand for further proceedings in light of *Zolly*.

**BACKGROUND**

## I.  Propositions 218 and 26

California voters have approved several propositions restricting the authority of state and local governments to impose taxes. "In 1996, . . . voters passed Proposition 218, which amended the Constitution's voter approval requirements for local revenue-raising measures by adding articles XIII C and XIII D." (*Zolly, supra*, 13 Cal.5th at p. 785, citing *Citizens for Fair REU Rates v. City of Redding* (2018) 6 Cal.5th 1, 10 (*Citizens*).) "Article XIII D, which is not relevant here, 'limits the authority of local governments to assess taxes and other charges on real property.' [Citation.]  Article XIII C 'buttresses article XIII D by

limiting the other methods by which local governments can exact revenue using fees and taxes not based on real property value or ownership."" (*Zolly, supra*, 13 Cal.5th at p. 785, citing *Citizens, supra*, 6 Cal.5th at p. 10.)  Pursuant to article XIII C, all taxes must be approved by voters in a general election.  (Art. XIII C, § 2, subds. (a), (b), (d).)

Proposition 218 did not define what constitutes a "tax."  In 2010, voters approved Proposition 26, which amended article XIII C to provide that a "'tax' means any levy, charge, or exaction of any kind imposed by a local government."  (Art. XIII C, § 1, subd. (e); see also *Zolly, supra*, 13 Cal.5th at p. 785, citing *Jacks v. City of Santa Barbara* (2017) 3 Cal.5th 248, 260.)  This definition is qualified by seven exemptions, including (e)(4), which exempts "[a] charge imposed for entrance to or use of local government property, or the purchase, rental, or lease of local government property."  (Art. XIII C, § 1, subd. (e)(4).)  The scope of this exemption is relevant to the parties' substantive dispute.

## II.   Factual and Procedural History

### A.   *Complaint*

Appellants filed a class action complaint in September 2018 against the City, arising out of the City's implementation of the recycLA program that "imposed a new commercial system for the private hauling of waste and garbage from certain multi-unit dwellings and commercial properties."  Appellants alleged that under that program, the City entered into franchise agreements giving seven private waste haulers the exclusive right to provide waste collection services for all commercial establishments and multi-family dwellings in a specified "franchise zone."  The franchise agreements between the City and the waste haulers set the rate that the haulers could charge the property owners for

4

their services and established a percentage that the haulers must pay to the City as a "franchise fee."

Appellants are owners and tenants of commercial and multi-family residential properties who paid waste haulers under the recycLA program. Appellants alleged that the franchise fee was in fact "an illegally imposed tax" that was passed through to them in violation of Proposition 218, as well as articles XIII C and XIII D of the Constitution, as amended by Proposition 26. In the first cause of action, appellants sought an order directing the City to "refund . . . the illegal taxes paid" under the guise of franchise fees. In the second cause of action for declaratory relief, appellants sought a "declaration as to the validity and enforceability of the rates charged and fees collected pursuant to the recycLA program . . . so that [appellants] may determine their ongoing rights and obligations."

**B.** *Summary Judgment*

In November 2020, the parties filed cross-motions for summary judgment and/or summary adjudication. They also filed a joint stipulation of undisputed facts in connection with those motions.

The City moved for summary adjudication as to the first and second causes of action, or, alternatively, summary judgment. As relevant here, the City argued that appellants lacked standing to pursue their first cause of action for a tax refund because appellants paid the waste haulers, third-party vendors, and did not pay any taxes directly to the City. Thus, the City asserted that appellants lacked standing under then-applicable case law, including *County Inmate Tel. Serv. Cases* (2020) 48 Cal.App.5th 354, 357-359 (*County Inmate*).

The City also argued that appellants lacked standing to

seek declaratory relief because even if the court found the franchise fees were an unconstitutional tax, the waste haulers could still charge appellants the same amount for their services under the franchise contracts. Thus, appellants "have not incurred an injury 'capable of redress'" by the court.

Appellants sought summary adjudication on their declaratory relief claim, arguing that the franchise fees were a "tax" as defined under Proposition 26, the tax was illegally imposed upon them, and none of the exceptions under article XIII C, section 1, subdivision (e) applied. Accordingly, because the City admitted that the fees had not been approved by the voters as required for a tax, appellants contended they were entitled to "summary adjudication on the issue of liability as a matter of law."

On March 16, 2021, the trial court granted the City's motion for summary judgment and denied appellant's motion. The court held that appellants lacked standing to seek a refund of taxes, as "the plaintiff must have paid the tax in order to have standing" under *County Inmate, supra*, 48 Cal.App.5th at p. 360, and it was undisputed that they had not paid any money directly to the City. Thus, because the undisputed facts showed that appellants lacked standing, the City was entitled to judgment on appellants' first cause of action as a matter of law.

Turning to the second cause of action, the court found that appellants lacked standing to seek declaratory relief as they suffered no injury capable of redress. The court agreed with the City that "a declaration that the franchise fees are unconstitutional . . . would not require [haulers] to charge lesser amounts" and the court "could not reform the agreements between haulers and the City . . . because the haulers are not

6

parties to this action." The court further found that appellants lacked standing for the same reason as the first cause of action. Accordingly, the court granted summary judgment in favor of the City.

Appellants timely appealed.

## DISCUSSION

### I. *Zolly*

While this appeal was pending, the California Supreme Court decided *Zolly, supra,* 13 Cal.5th 780. There, the property owner plaintiffs raised a Proposition 26 challenge to a similar waste hauling system used by the City of Oakland that also included the imposition of franchise fees. The defendant argued, as the City does here, that the plaintiffs lacked standing because they were not "directly obligated" to pay the franchise fees. (*Id.* at p. 789.) The court noted that the plaintiffs had alleged that the franchise fees caused their waste collection rates to increase. The court concluded that these "allegations of economic injury caused by the challenged fees are sufficient to confer standing." (*Ibid.*) The court held that *County Inmate, supra*, 48 Cal.App.5th 354 did not support a "general rule . . . that a person may not sue to recover excess taxes paid by someone else," and concluded that a plaintiff need not be "directly obligated to pay the fees in order to challenge them under Proposition 26." (*Zolly*, *supra*, at pp. 789-790.)

### II. Remand

At our request, the parties submitted supplemental briefing about the effect of *Zolly* on the issues in this appeal. The City concedes that reversal of summary adjudication and remand is necessary on the first cause of action for refund of illegal taxes

7

pursuant to *Zolly's* holding on standing.  We agree.

However, the City contends that we should affirm summary adjudication as to the second cause of action for declaratory relief, because that ruling was unaffected by *Zolly*. The City argues that *Zolly* neither addressed a similar claim for declaratory relief nor undercut the trial court's holding here that appellants had no redressable injury.  We disagree.  Appellants' second cause of action seeks a declaration of the same rights that form the basis for appellants' purported injury.  As in *Zolly*, appellants here asserted (and the City did not dispute for purposes of summary judgment) that the recycLA program "resulted in a drastic increase in rates charged to customers." They alleged in their first cause of action that such injury was caused by the monopolistic system created under the franchise agreements and the pass-through nature of the franchise fees. As such, appellants have shown "economic injury caused by the challenged fees . . . sufficient to confer standing."  (*Zolly, supra*, 13 Cal.5th at p. 790.)  Thus, appellants have standing to assert both claims.

The parties also disagree as to the posture of the case upon remand.  Appellants ask us to direct the trial court to reconsider the cross-motions for summary judgment under *Zolly*, while the City contends that those motions are now moot and the "parties should litigate anew whether the franchise fees are taxes in light of *Zolly*."

The City's reliance on *Barnes v. Litton Systems, Inc.* (1994) 28 Cal.App.4th 681, 683 (*Barnes*) is misplaced.  In *Barnes*, the court simply held that "reversal of a judgment places the case in a posture as though one had never been entered at all."  (*Ibid*.) The City cites no authority for the proposition that the trial court

8

must act as though motions for summary judgment were never filed.  Here, having reversed the trial court's granting of summary judgment on the basis of standing, we remand for further proceedings.  We leave to the trial court's discretion how best to proceed on the summary judgment motions in light of *Zolly* following remand, and express no opinion as to the substantive issues raised.

## DISPOSITION

The judgment is reversed and the matter is remanded to the trial court for further proceedings in light of *Zolly*.  The parties are to bear their own costs on appeal.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


COLLINS, ACTING P.J.


We concur:


CURREY, J.


STONE, J. *

---

* Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

9