Filed 10/25/24

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| In re the Marriage of ZOHREH MCINTYRE and SHAHRIYAR SHAYAN. | B323455 |
| ZOHREH MCINTYRE SHAYAN, <br><br> Respondent, <br><br> v. <br><br> SHAHRIYAR SHAYAN, <br><br> Appellant. | (Los Angeles County Super. Ct. No. SD025162) |

APPEAL from an order of the Superior Court of Los Angeles County.  Elizabeth Scully, Judge.  Affirmed.

Stuart J. Faber; Law Offices of William W. Oxley and William W. Oxley for Appellant.

SP Law Group and Vladimir Shagramanov for Respondent.

_____

Shahriyar Shayan appeals from an order denying his motion to quash a writ of execution for attorney fees filed by respondent Zohreh McIntyre Shayan.[1]  Shahriyar argues the writ should have been quashed because it was sought more than ten years after the entry of judgment in violation of Code of Civil Procedure section 683.020, and was subject to the renewal requirements of Code of Civil Procedure section 683.130.  He asserts that, while judgments entered under the Family Code are generally exempt from Code of Civil Procedure sections 683.020's 10-year limitation period and section 683.130's renewal requirements under Family Code section 291, that exemption does not apply for judgments to satisfy an order for attorney fees.

We disagree with Shahriyar.  When a judgment for attorney fees is entered under the Family Code, the judgment is enforceable until satisfied in full.  Failure to renew the judgment has no effect on its enforceability per Family Code section 291, subdivision (b).  Accordingly, we affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

Shahriyar and Zohreh married in 2002, and had two children together.  Zohreh petitioned for dissolution in 2007.

On February 22, 2010, Zohreh filed a motion for attorney fees for services previously rendered and for fees for future litigation.  On May 25, 2010, the family court granted the motion, awarding fees for past services by Zohreh's two attorneys in the amount of $65,000 for Navid Natanian, and $50,000 for Barry Fischer.

---

[1]     As is customary in family law proceedings, we refer to the parties by their first names.

On August 18, 2010, the family court entered judgment on reserved issues in Zohreh's favor and attached a bifurcated trial award on attorney fees. The total award in attorney fees and costs was $125,000.

Almost 12 years later, in April 2022, Zohreh filed an application for the issuance of a writ of execution on the August 18, 2010 judgment.[2] Thereafter, the court clerk issued a writ of execution for $125,626.20.

On April 20, 2022, Shahriyar requested to set aside the writ of execution for attorney fees. Shahriyar argued the judgment had expired after 10 years under Code of Civil Procedure section 683.020, and Zohreh had not renewed the judgment within that period as provided by Code of Civil Procedure section 683.130. The family court denied the request.

Shahriyar appealed.

## DISCUSSION

Shahriyar's only contention on appeal is that an award of attorney fees constitutes a money judgment that is subject to the 10-year limitation period and renewal requirements of Code of Civil Procedure section 683.130, and that Family Code section 291's exemptions do not apply.

I. **Standard of review and rules of statutory interpretation**

We review questions of statutory interpretation de novo. (*Weatherford v. City of San Rafael* (2017) 2 Cal.5th 1241, 1247.)

"Our goal in interpreting statutes is ' "to ascertain the intent of the enacting legislative body so that we may adopt the

---

[2] It appears between June 29, 2020 and April 4, 2022, Zohreh applied multiple times for a writ of execution and to renew the August 18, 2010 judgment.

3

construction that best effectuates the purpose of the law." ' [Citations.] A step-by-step process of statutory interpretation has been developed by the courts of this state. [Citations.] The ' "key to statutory interpretation is applying the rules of statutory construction in their proper sequence . . . as follows: 'we first look to the plain meaning of the statutory language, then to its legislative history and finally to the reasonableness of a proposed construction.' " ' " (*Smart Corner Owners Association v. CJUF Smart Corner LLC* (2021) 64 Cal.App.5th 439, 459–460 (*Smart Corner*).)

"In the initial step, we examine 'the words of the statute, "because the statutory language is generally the most reliable indicator of legislative intent." ' [Citation.] 'When the statutory text is ambiguous, or it otherwise fails to resolve the question of its intended meaning,' we proceed to the second step, and 'look to the statute's legislative history and the historical circumstances behind its enactment.' [Citation.] 'In this step, courts may "turn to secondary rules of interpretation, such as maxims of construction, 'which serve as aids in the sense that they express familiar insights about conventional language usage.' " ' " (*Smart Corner*, *supra*, 64 Cal.App.5th at p. 460.)

" ' "If ambiguity remains after resort to secondary rules of construction and to the statute's legislative history, then we must cautiously take the third and final step in the interpretive process. [Citation.] In this phase of the process, we apply 'reason, practicality, and common sense to the language at hand.' [Citation.] Where an uncertainty exists, we must consider the consequences that will flow from a particular interpretation." ' " (*Smart Corner*, *supra*, 64 Cal.App.5th at p. 460.)

## II.     The statutes at issue

Code of Civil Procedure section 683.020 provides that a judgment may not be enforced upon the expiration of 10 years. This includes all enforcement procedures, including a writ or order pursuant to the judgment. (*Id.*, subd. (b).) However, a party may renew the judgment any time before the expiration of the 10-year period under Code of Civil Procedure section 683.130, subdivision (a). Code of Civil Procedure section 683.310 states these rules do "not apply to a judgment or order made or entered pursuant to the Family Code." (Code Civ. Proc., § 683.310.)

In turn, Family Code section 291, subdivision (a) provides: "A money judgment or judgment for possession or sale of property that is made or entered under this code, including a judgment for child, family, or spousal support, is enforceable until paid in full or otherwise satisfied." (*Ibid.*) Family Code section 291, subdivision (b) provides: "A judgment described in this section is exempt from any requirement that a judgment be renewed. Failure to renew a judgment described in this section has no effect on the enforceability of the judgment." (*Ibid.*) Notably, Family Code section 291, subdivision (c)(1) states that, if the judgment has not previously been renewed as to past due amounts, it may be renewed "at any time." Family Code section 291, subdivision (c)(2) states: "If the judgment has previously been renewed, the amount of the judgment as previously renewed and any past due amount that became due and payable after the previous renewal may be renewed at any time after a period of at least five years has elapsed from the time the judgment was previously renewed." (*Ibid.*)

5

III. **Family Code section 291 applies to attorney fee judgments**

Shahriyar's appeal asks us to interpret the application of these statutes to the August 18, 2010 judgment for attorney fees, arguing the judgment for attorney fees should not be exempt to the 10-year limitation and renewal period under Code of Civil Procedure sections 683.020 and 683.130 despite the language of Family Code section 291. As discussed below, the plain language of Family Code section 291, its legislative history, as well as reason and commonsense do not support Shahriyar's position.

A. **The plain language of Family Code section 291 supports an interpretation that judgments for attorney fees are exempt from Code of Civil Procedure sections 683.020 and 683.130**

In considering the text of Family Code section 291, we give its words " 'a plain and commonsense meaning.' " (*Smart Corner*, *supra*, 64 Cal.App.5th at p. 460.) "In doing so, we do not 'consider the statutory language in isolation'; '[r]ather, we look to "the entire substance of the statute . . . in order to determine the scope and purpose of the provision . . . ." ' [Citation.] 'When statutory language includes words or terms that courts have previously construed, "the presumption is almost irresistible" that the Legislature intended them to have the same "precise and technical" meanings given by the courts.' [Citations.] Thus, where the Legislature uses terms 'that have a well-settled judicial construction,' we may presume it intends 'that the terms retain the same meaning that the courts have placed upon them.' " (*Ibid.*)

Here, both case law and the definition of a money judgment under the Code of Civil Procedure establish that an order for

6

attorney fees constitutes a money judgment. (See *Felczer v. Apple Inc.* (2021) 63 Cal.App.5th 406, 416 [finding an order for attorney fees constitutes a separate money judgment]; Code Civ. Proc., § 680.270 [defining " '[m]oney judgment' " as "part of a judgment that requires the payment of money"]; see also *Apex LLC v. Korusfood.com* (2013) 222 Cal.App.4th 1010, 1016 [finding an order for attorney fees is enforceable as a money judgment].) Moreover, the parties both agree that an attorney fees order is a money judgment. Thus, the plain language of Family Code section 291, which exempts money judgments entered under the Family Code from the 10-year limitation period and the renewal requirement, includes money judgments meant to satisfy payment for attorney fees.

Despite his concession that attorney fee awards constitute a money judgment, Shahriyar argues the language of Family Code section 291 is nonetheless ambiguous. He asserts, although Family Code section 291 may appear unambiguous on its face, when read in context and harmonized with Code of Civil Procedure section 683.310, the language raises the possibility of two interpretations. He asserts one possibility is that the Legislature intended to include attorney fees and another possibility is that it intended to exclude attorney fees. Specifically, he directs us to the fact that section 291 excludes money judgments from the Code of Civil Procedure section 683.130, subdivision (a), but then goes on to expressly exclude judgments for child, spousal, and family support.

Shahriyar provides no authority for these two possible interpretations or that Family Code section 291 is otherwise ambiguous. By his own admission, money judgments necessarily include an order for attorney fees in other contexts. Shahriyar

7

appears to rely on the canon of statutory construction, "*noscitur a sociis*," which means " ' "a word takes meaning from the company it keeps." ' " (*People v. Lucero* (2019) 41 Cal.App.5th 370, 398.) "Under this rule, ' " '[a] word of uncertain meaning may be known from its associates and its meaning "enlarged or restrained by reference to the object of the whole clause in which it is used." [Citation.]' [Citation.]" [Citation.] " ' "In accordance with this principle of construction, a court will adopt a restrictive meaning of a listed item if acceptance of a more expansive meaning would make other items in the list unnecessary or redundant, or would otherwise make the item markedly dissimilar to the other items in the list." ' " ' " (*Ibid.*) However, while this doctrine may support Shahriyar's interpretation, it is merely an " 'extrinsic aid[] to interpretation' " and will " 'be used only when the clear meaning of the words used in the statute is doubtful.' " (*Id.* at p. 399.) In other words, " 'such aids may not be used to create doubts or offset the plain meaning of the statutes.' " (*Ibid.*) Therefore, we decline to read an ambiguity into Family Code section 291 where none exists.

We reach a similar conclusion when considering Shahriyar's argument that a specific statute should control over a more general statute. As an initial matter it is not entirely clear which statute Shahriyar is asserting is the more specific statute. Therefore, the argument is forfeited. However, even if this argument was properly raised, this rule of statutory interpretation applies only "in the event of [a] statutory conflict." (*Arbuckle-College City Fire Protection Dist. v. County of Colusa* (2003) 105 Cal.App.4th 1155, 1166 (*Arbuckle-College*).) There is no conflict in the statutes here. Code of Civil Procedure sections 683.020 and 683.130 provide that judgments expire after 10 years

8

but may be renewed prior to that expiration. Code of Civil Procedure section 683.310 explicitly states those rules do not apply to "a judgment or order made or entered pursuant to the Family Code." (Code Civ. Proc., § 683.310.) Family Code section 291 merely reiterates and clarifies that exemption by expressly providing that money judgments entered under the Family Code are enforceable until paid in full and need not be renewed. There is no conflict. Therefore, we need not consider whether any of the provisions at issue should control over the other as the more specific provision. (*Arbuckle-College*, at p. 1166.)

Further, contrary to Shahriyar's argument, we need not insert language into Family Code section 291 to find that it exempts attorney fees from the requirements of Code of Civil Procedure section 683.130. As Shahriyar has admitted, a money judgment includes an order for attorney fees, and money judgments under the Family Code are exempted from Code of Civil Procedure section 683.130. As such, we only need to look at the " 'plain and commonsense meaning' " of the words the Legislature actually used.

Accordingly, we hold that Family Code section 291's reference to money judgments necessarily includes those judgments to satisfy the payment of attorney fees.

**B.    Legislative history supports our interpretation**

Although we find the plain language of Family Code section 291 is unambiguous and therefore it is unnecessary to

9

consider the statute's legislative history, we do so briefly here as the legislative history reinforces our view.[3]

The language of Family Code section 291 at issue here was inserted after the passage of Assembly Bill No. 2126 (AB 2126). According to a bill analysis, AB 2126 "would provide that enforcement of a money judgment or judgment for possession or sale of property under the Family Code would be enforceable until satisfied in full." (Sen. Com. on Judiciary, Analysis of Assem. Bill No. 2126 (2005–2006 Reg. Sess.) as amended April 20, 2006, p. 1.) The bill analysis states: "Historically, different judgments under the Family Code were subject to different periods of enforceability. Certain judgments are subject to a ten-year enforcement period, renewal and exemptions from the defense of laches. Thus, family law litigants may receive similar judgments with different enforcement periods." (*Ibid*.) "This bill would provide that all money judgments or judgments for possession or sale of property under the Family Code are enforceable until paid in full or otherwise satisfied. This bill would provide that judgments may, but are not required to be renewed. Failure to renew has no effect on the enforceability of the judgment." (*Id.* at p. 2.)

Under the stated need for the bill, the bill analysis states AB 2126 would " 'help to avoid the unfairness that can result from significantly different enforcement rights applying to similar judgments' " and that " '[a] single rule for all Family Code judgments would be significantly less confusing.' " (Sen. Com. on Judiciary, Analysis of Assem. Bill No. 2126 (2005–2006 Reg.

---

[3]    We may take judicial notice of legislative history materials on our own motion. (*Gananian v. Wagstaffe* (2011) 199 Cal.App.4th 1532, 1541, fn. 9.)

Sess.), as amended April 20, 2006, p. 4.) The bill analysis also stated several compelling reasons why a party in family court may delay enforcement of a judgment. "A party may delay enforcement of a judgment in order to avoid conflicts that could undermine the welfare of minor children. [¶] A party awarded ownership of the family home may allow a former spouse to continue living in the home out of a sense of obligation for the former spouse's welfare. [¶] A party may feel physically or psychologically intimidated by a former spouse and forego enforcement of a judgment in order to avoid harm." (*Id*. at p. 5.)

The legislative history of Family Code section 291 shows the statute was meant to simplify the law exempting family court judgments from the generally applicable rules to enforce judgments in order to protect the rights of family litigants while recognizing the unique challenges those litigants face. The Legislature accomplished this by eliminating the discrepancy in enforcement rights that were dependent on the nature of the judgment. This is the exact opposite of what Shahriyar asserts here—that depending on the type of family court judgment, different enforcement rights should apply.

Accordingly, we find the legislative history of Family Code section 291 supports our conclusion that Family Code section 291's reference to money judgments necessarily includes those judgments for the payment of attorney fees.

### C. Reason and common sense support our interpretation

Finally, although unnecessary to do so, we note our interpretation "is consistent with reason and common sense." (*Smart Corner*, *supra*, 64 Cal.App.5th at p. 468.)

Often, an award of attorney fees is necessary to vindicate important statutory rights. (See *Murillo v. Fleetwood Enterprises, Inc.* (1998) 17 Cal.4th 985, 996; *Kreutzer v. County of San Diego* (1984) 153 Cal.App.3d 62, 75; *Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1292; *Grossmont Union High School Dist. v. Diego Plus Education Corp.* (2023) 98 Cal.App.5th 552, 579; *In re Dormio* (1981) 127 Cal.App.3d 788, 794; *Leiserson v. City of San Diego* (1988) 202 Cal.App.3d 725, 735.) Indeed, this need is expressly identified and provided for in the Family Code. Family Code section 2030 allows the family court to order one party to pay to the other party "whatever amount is reasonably necessary for attorney's fees and for the cost of maintaining or defending the proceeding during the pendency of the proceeding." (*Id.*, subd. (a)(1).) " 'The purpose of section 2030 is to ensure parity. "The idea is that both sides should have the opportunity to retain counsel, not just (as is usually the case) only the party with greater financial strength." ' " (*In re Marriage of Knox* (2022) 83 Cal.App.5th 15, 31.)

As such, it makes no sense for Family Code section 291 to exempt judgments that determine important rights, e.g., child, spousal, and family support, but not to exempt those judgments for attorney fees which are often necessary to enforce those rights in the first instance.

12

## DISPOSITION

The order is affirmed.  Respondent is awarded her costs on appeal.


                                        VIRAMONTES, J.


WE CONCUR:



GRIMES, Acting P. J.



WILEY, J.